■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SCOTT, JR., Appellant. [611 NYS2d 725] —Judgment unanimously affirmed. Memorandum: Defendant contends that his conviction of murder in the second degree is not supported by legally sufficient evidence because the People's proof failed to exclude to a moral certainty every reasonable hypothesis of innocence. Specifically, defendant asserts that the proof failed to exclude to a moral certainty defendant's account that the victim was accidentally shot during the struggle with defendant over a shotgun. We disagree. We conclude that the evidence, viewed in the light most favorable to the People, is legally sufficient to support defendant's conviction of murder in the second degree (see, People v Ford, 66 NY2d 428, 441). The proof offered by the People established that the victim was shot in the face at "point blank" range while she was in a seated position. The nature of the facial wound, the bloodstain on the ceiling, the lack of the victim's fingerprints on the gun and the fact that the victim was holding a hairbrush in her right hand render defendant's account implausible and exclude to a moral certainty every reasonable hypothesis but guilt.

The court did not err in admitting the testimony of the sister of the victim regarding her conversation with defendant after the incident. That testimony was not hearsay because it was not offered for its truth, but to show defendant's response

to the witness's words, a response that pointed to defendant's consciousness of guilt (see, *People v Casanas,* 170 AD2d 257, *lv denied* 77 NY2d 959).

Defendant was not deprived of due process of law by prosecutorial misconduct on summation. The prosecutor's statement was a proper response to defense counsel's summation (see, *People v Halm,* 81 NY2d 819, 821). The court did not abuse its discretion in admitting certain photographs of the victim because they were relevant to show the position of the victim's body and to negate defendant's account of an accidental shooting (see, *People v Pobliner,* 32 NY2d 356, 359, *cert denied* 416 US 905).

Defendant's challenge to the court's refusal to charge criminally negligent homicide (Penal Law § 125.10) as a lesser included offense of murder in the second degree under the second count of the indictment (Penal Law § 125.25 [2]) is foreclosed by the jury's verdict of guilty of murder in the second degree as charged in the first count of the indictment (Penal Law § 125.25 [1]) and its implicit rejection of the charged lesser included offense of manslaughter in the second degree (see, *People v Boettcher,* 69 NY2d 174, 180; *People v Villa,* 162 AD2d 969, *lv denied* 76 NY2d 945).

Lastly, we find no basis in the record to warrant a modification of the sentence. (Appeal from Judgment of Erie County Court, D'Amico, J.—Murder, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Doerr and Davis, JJ.