Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered January 13, 1999, convicting defendant after a jury trial of, inter alia, murder in the second degree.
*1023 It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [4]). We reject defendant’s contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant relied primarily on a justification defense. Although there was evidence presented that defendant was aware that the victim, on occasion, would carry a gun, there was no evidence presented that the victim was armed on the night he was murdered. There was also evidence presented that the victim argued incessantly with defendant over a cassette tape, and that the victim used profanity and pointed his finger at defendant; however, there was additional evidence presented that the verbal barrage never escalated into physical violence. While defendant’s wife testified that the victim made a death threat to defendant, she further testified that defendant could not have heard it. Where, as here, witness credibility is of paramount importance, we must give £<[g]reat deference ... to the fact-finder’s opportunity to view the witnesses, hear the testimony and observe demeanor” (id.). Determining credibility is primarily a task within the province of the jury (see People v Gruttola, 43 NY2d 116 [1977]), and its judgment should not be lightly disturbed. Although a different result would not have been unreasonable based on the evidence presented, upon “ ‘weighting] the relative probative force of [the] conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony,’ ” we conclude that the jury’s verdict is not against the weight of the evidence (Bleakley, 69 NY2d at 495).
We also reject defendant’s contention that Supreme Court’s failure to charge the lesser included offense of criminally negligent homicide requires reversal. “Since the court submitted the lesser included offense of second-degree manslaughter but the jury convicted defendant of second-degree murder, the court’s refusal to charge the more remote lesser included offense of criminally negligent homicide cannot be a basis for reversal” (People v Mannix, 302 AD2d 297, 298 [2003]; see People v Jones, 272 AD2d 930, 932 [2000], lv denied 95 NY2d 891 [2000]; People v Scott, 203 AD2d 911 [1994], lv denied 83 NY2d 971 [1994]).
We similarly reject the contention of defendant that the court should have given an “initial aggressor” charge. Penal Law § 35.15 (1) provides that “[a] person may . . . use physical force *1024 upon another person when and to the extent he reasonably believes such to be necessary to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by such other person, unless ...(b) [t]he actor was the initial aggressor; except that in such case his use of physical force is nevertheless justifiable if he has withdrawn from the encounter and effectively communicated such withdrawal to such other person but the latter persists in continuing the incident . . . .” That section is inapplicable here for two reasons. First, defendant does not contend that he was the initial aggressor and attempted to withdraw. Second, Penal Law § 35.15 (1) applies only to the use of non-deadly physical force. The use of deadly physical force is governed by Penal Law § 35.15 (2), which provides that “[a] person may not use deadly physical force upon another person under circumstances specified in subdivision one . . . (a) . . . if he knows that he can with complete safety as to himself and others avoid the necessity of so doing by retreating; except that he is under no duty to retreat if he is . . . in his dwelling and not the initial aggressor . . . .” Thus, when deadly physical force is used, the analysis of whether defendant was the “initial aggressor” is relevant only if defendant was in his dwelling at the time of the use of deadly physical force. Here, the shooting took place outside of 113 Lewis Street, not within defendant’s home, and thus the initial aggressor provision of Penal Law § 35.15 (2) (a) (i) does not apply. Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.