■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCES McMURRY, Appellant. [815 NYS2d 490]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered December 17, 2002, convicting her of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court permitted an officer of the victim's bank to testify that she had informed the victim on the day of her death of facts from which it could be inferred that the defendant had been making unauthorized withdrawals from the victim's bank accounts. Because such testimony is probative of the defendant's motive for killing the victim later that day, the Supreme Court properly admitted it into evidence (*see People v Molineux,* 168 NY 264, 293 [1901]; *People v Mannino,* 11 AD3d 485, 486 [2004]; *People v Williams,* 306 AD2d 691 [2003]; *People v Jean,* 297 AD2d 821 [2002]).

The trial court's failure to charge the lesser-included offense of criminally negligent homicide does not require reversal. Since the court submitted the lesser-included offense of second-degree manslaughter but the jury convicted defendant of manslaughter in the first degree, the court's refusal to charge the more remote lesser-included offense of criminally negligent homicide cannot be a basis for reversal (*see People v Robinson,* 1 AD3d 1022, 1023 [2003]; *People v Boettcher,* 69 NY2d 174, 180-181 [1987]; *People v Kanelos,* 107 AD2d 764 [1985]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.