■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO IRRIZARRY, Appellant. [829 NYS2d 351]—

Appeal from a judgment of the Livingston County Court (Ronald A. Cicoria, J.), rendered March 1, 2005. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him after a jury trial of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). We reject the contention of defendant that the verdict is against the weight of the evidence. A sergeant at the correctional facility testified that he observed defendant sitting on a step in the recreation area, scraping something. The sergeant ordered defendant to hand over the item, which was a metal rod, approximately three inches long, that was partially sharpened. The sergeant testified that the item was a weapon. We conclude that the jury did not fail to give the evidence the weight it should be accorded on the issue of defendant's possession of dangerous contraband (*see People v Sharpe*, 295 AD2d 957, 958 [2002]; *see also People v Mendoza*, 244 AD2d 815, 816-817 [1997], *lv denied* 91 NY2d 943 [1998]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The further contention of defendant that he was impermissibly penalized for asserting his right to a trial is not preserved for our review (*see People v Hurley*, 75 NY2d 887 [1990]; *People v Robinson*, 287 AD2d 582 [2001], *lv denied* 97 NY2d 708 [2002]). In any event, that contention is without merit. "The mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial" (*People v Simon*, 180 AD2d 866, 867 [1992], *lv denied* 80 NY2d 838 [1992]; *see People v Pena*, 50 NY2d 400, 412 [1980], *rearg denied* 51 NY2d 770 [1980], *cert denied* 449 US 1087 [1981]). A review of the record reveals no evidence of retaliation or vindictiveness on the part of County Court (*see People v White*, 12 AD3d 1200 [2004], *lv denied* 4 NY3d 768 [2005]; *Robinson*, 287 AD2d at 582-583; *Simon*, 180 AD2d at 867). Present—Scudder, P.J., Martoche, Centra, Fahey and Pine, JJ.