■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM B. VOYMAS, Appellant. [833 NYS2d 823]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered March 7, 2006. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, incest, sexual abuse in the first degree and sexual abuse in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him fol-

lowing a jury trial of, inter alia, rape in the first degree (Penal Law § 130.35 [1]), defendant contends that the evidence of forcible compulsion is legally insufficient to support the conviction of rape. We reject that contention. In reviewing the evidence of forcible compulsion, we must "focus . . . on the state of mind produced in the victim by the defendant's conduct" (*People v Thompson*, 72 NY2d 410, 416 [1988], *rearg denied* 73 NY2d 870 [1989]), "and relevant factors include the age of the victim, the relative size and strength of the defendant and victim, and the nature of the defendant's relationship to the victim" (*People v Sehn*, 295 AD2d 749, 750 [2002], *lv denied* 98 NY2d 732 [2002]). Thus, the proper inquiry "is not what the defendant would or could have done, 'but rather what the victim, observing [the defendant's] conduct, feared [he] would or might do if [the victim] did not comply with [his] demands' " (*Thompson*, 72 NY2d at 415-416, quoting *People v Coleman*, 42 NY2d 500, 505 [1977]; *see People v Davis*, 21 AD3d 590, 591-592 [2005]).

In this case the victim, defendant's younger sister, testified that defendant and their other brother began to abuse her sexually when she was five years old. Initially, the victim would try to fight them off but she was not successful because they were older and physically larger than the victim. With respect to the rape, the victim testified that she pretended to be asleep and tried to keep her legs closed, but defendant pulled them apart. The victim did not fight harder because she had learned from past experience that, the more she fought, the more she would be hurt.

We thus conclude that "the victim's testimony, coupled with evidence of defendant's forcible compulsion upon [the victim] prior to the date in question, enabled a rational fact finder to conclude that she was subjected to such compulsion on this date as well" (*People v Peraza*, 288 AD2d 689, 691, *lv denied* 97 NY2d 707 [2002]; *see generally People v Cook*, 93 NY2d 840, 841 [1999]).

Defendant further contends that the verdict is against the weight of the evidence because the victim's testimony is not credible. "Testimony will be deemed incredible only where it is impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory . . . , and that is not the case with respect to the victim's testimony" (*People v Ptak*, 37 AD3d 1081, 1081 [2007] [internal quotation marks omitted]).

We conclude that County Court properly admitted defendant's unsigned statement in evidence. The record establishes that defendant was given a copy of the statement, that he made numer-

ous corrections to it and that he added a handwritten comment. We thus conclude that defendant in effect "acknowledged [the] accuracy" of the statement (*People v DaCosta*, 201 AD2d 402, 402 [1994], *lv denied* 83 NY2d 871 [1994]; *see People v Ramirez*, 284 AD2d 161, 162 [2001], *lv denied* 97 NY2d 687 [2001]; *cf. People v Lee*, 159 AD2d 238 [1990], *lv denied* 76 NY2d 791 [1990]). We likewise conclude that the court properly refused to redact certain excerpts from the statement. Each excerpt constituted relevant evidence (*see generally People v Alvino*, 71 NY2d 233, 241 [1987]), and the questions of the police detective in the excerpts were "not hearsay because [they were] not offered for [their] truth, but to show defendant's response[s] to the [detective's] words, . . . response[s] that pointed to defendant's consciousness of guilt" (*People v Scott*, 203 AD2d 911, 911-912 [1994], *lv denied* 83 NY2d 971 [1994]).

Defendant failed to preserve for our review his contention that he was penalized for asserting his right to a trial based on the fact that he received a greater sentence after trial than that offered before trial (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Irrizarry*, 37 AD3d 1082 [2007]). In any event, that contention lacks merit (*see Irrizarry*, 37 AD3d 1082 [2007]; *see also People v Smith*, 21 AD3d 1277, 1278 [2005], *lv denied* 7 NY3d 763 [2006]; *People v Urrutia*, 2 AD3d 1475 [2003], *lv denied* 2 NY3d 765 [2004]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Fahey, Peradotto and Pine, JJ.