■ The People of the State of New York, Respondent, v Carlton Gordon, Appellant. [844 NYS2d 920]—Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered June 30, 2004. The judgment convicted defendant, upon a jury verdict, of criminal sale of marihuana in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal sale of marihuana in the first degree (Penal Law § 221.55). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Martinez*, 37 AD3d 1099, 1100 [2007], *lv denied* 8 NY3d 947 [2007]; *People v Robinson*, 5 AD3d 1077 [2004], *lv denied* 2 NY3d 805 [2004]). Defendant failed to preserve for our review his contention that he was penalized for exercising his right to a trial (*see People v Hurley*, 75 NY2d 887 [1990]; *People v Irrizarry*, 37 AD3d 1082 [2007], *lv denied* 8 NY3d 946 [2007]) and, in any event, that contention lacks merit (*see Irrizarry*, 37 AD3d at 1083; *People v Smith*, 21 AD3d 1277, 1278 [2005], *lv denied* 7 NY3d 763 [2006]). The sentence is not unduly harsh or severe. Defendant failed to preserve for our review his contention in his pro se supplemental brief that Supreme Court erred in admitting an audiotape in evidence (*see People v Furlong*, 4 AD3d 839, 840 [2004], *lv denied* 2 NY3d 739 [2004]; *People v Janes*, 261 AD2d 890 [1999], *lv denied* 93 NY2d 1020 [1999]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We have reviewed the remaining contentions of defendant in his pro se supplemental brief and conclude that they are lacking in merit. Present—Gorski, J.P., Smith, Centra, Lunn and Peradotto, JJ.