THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARON GHOLAM, Appellant. [951 NYS2d 526]—

We find that the trial court did not err in admitting defendant's written confession and portions of his videotaped confession by which he described his activities with his accomplices on the day of his encounter with Thomas Whitney, Jr., the victim of the crime. Notwithstanding defendant's argument, the challenged evidence did not concern the type of illegal or immoral conduct that would have deprived defendant of a fair trial (*see e.g. People v Jenneman*, 37 AD3d 736 [2007], *lv denied* 9 NY3d 866 [2007]).

In the early morning hours of May 21, 2006, defendant and his six accomplices attacked Whitney in the street. In the course of the attack, Whitney sustained a fatal skull fracture. Defendant does not challenge the admission of the portion of the videotaped confession by which he admitted to taking a swing at Whitney during the attack. However, defendant argues that the videotape should have been redacted to eliminate his statements that he was present when his accomplices were involved in a scuffle inside of a nightclub just prior to the attack; that one of defendant's accomplices directed a racial epithet at Whitney immediately before the attack; that one of the accomplices stole Whitney's wallet and defendant stole his cell phone as he lay unconscious on the ground; that defendant's ac-

complices used Whitney's credit card to make illicit purchases on the morning of the attack and that defendant and his accomplices smoked marijuana on the morning of the attack. Defendant further contends that questions put to him regarding a small yellow hammer that he admitted to having carried around in the past for "protection" should have been excised from the videotape. Defendant takes the position that his admission that he swung at Whitney and missed was the only part of his statements that constituted relevant evidence. This argument does not withstand scrutiny in light of the nature of the crime charged.

"As a general rule evidence of unconnected, uncharged criminal conduct is inadmissible if offered for no other purpose than to raise an inference that a defendant is of a criminal disposition" (*People v Vails*, 43 NY2d 364, 368 [1977] [citations omitted]). "Although any evidence of prior criminal conduct may have some prejudicial effect, when the prior activity is directly probative of the crime charged it may be deemed to outweigh that effect" (*id.* [citations omitted]). Here, defendant was tried on a charge of gang assault in the second degree (Penal Law § 120.06). The crime is defined as follows: "A person is guilty of gang assault in the second degree when, with intent to cause physical injury to another person and when aided by two or more other persons actually present, he causes serious physical injury to such person or to a third person" (*id.*). Under the statute, the People were required to prove that defendant was aided by two or more persons who were, at least, in the immediate vicinity of the assault upon Whitney and capable of rendering immediate assistance to defendant in his commission of the crime (*see People v Sanchez*, 13 NY3d 554, 564 [2009]). Evidence of defendant's activities with his accomplices prior to and immediately after the assault was relevant to the issue of whether defendant swung at Whitney while aided by accomplices as opposed to acting alone. Evidence of uncharged crimes may be received if it helps to establish some element of the crime under consideration (*People v Alvino*, 71 NY2d 233, 241 [1987]). In this case, the statements in question can be reasonably considered to have helped establish the element of being "aided by two or more persons actually present" by showing that defendant was involved in other activities with his accomplices around the time that the assault was committed.

We find no merit in defendant's claim that he was deprived of his Sixth Amendment right to confrontation under *Crawford v Washington* (541 US 36 [2004]) on the basis of his being questioned about the thought processes of one of his ac-

complices. Questions themselves are not hearsay because they are not offered for their truth (*see generally People v Voymas*, 39 AD3d 1182, 1184 [2007], *lv denied* 9 NY3d 852 [2007]). Defendant's Confrontation Clause claim is otherwise unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.

In all other respects, defendant's claims are subject to the standard applicable to non-constitutional harmless error. Under that standard an error will be deemed harmless when the proof of guilt was overwhelming and there was no significant probability that the jury would have acquitted had the error not occurred (*People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Turning to the record before us, defendant's undisputed admission that he swung at Whitney, the victim, while the latter was being set upon and seriously injured by defendant's accomplices, constitutes overwhelming proof of guilt of gang assault in the second degree. Contrary to defendant's assertions, there was no significant probability that the jury would have acquitted had it not heard references to the earlier scuffle, the racial slur, the carrying of the hammer (which itself is not a crime), the theft of Whitney's wallet, the illicit use of his credit card, and the marijuana smoking. In this regard it is significant that the trial court instructed the jury that it was to consider the evidence of uncharged bad acts solely for the purposes of providing background information, a complete record of defendant's videotaped admissions, evidence as to whether defendant acted in concert with others and evidence of defendant's intent at the time of the alleged crime. "Jurors are presumed to follow the legal instructions they are given" (*People v Baker*, 14 NY3d 266, 274 [2010]). Although we affirm, we are left with a nagging sense of frustration at the trial court's refusal to answer counsel's question of whether or not it viewed the video before it was shown to the jury. Such a viewing by the court was essential in keeping with its duty to evaluate the admissibility of evidence (*see People v Ventimiglia*, 52 NY2d 350, 361-362 [1981]). Finally, defendant's sentence was not unduly harsh or severe. Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Román, JJ.