# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

646

KA 11-00166

PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

KURY SPENCER, DEFENDANT-APPELLANT.

---

MULDOON & GETZ, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR
DEFENDANT-APPELLANT.

ERIC R. SCHIENER, SPECIAL PROSECUTOR, GENESEO, FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Dennis S.
Cohen, J.), rendered January 13, 2011. The judgment convicted
defendant, upon a jury verdict, of assault in the second degree (two
counts) and failure to keep right.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury
verdict of, inter alia, two counts of assault in the second degree
(Penal Law § 120.05 [4]), defendant contends that he was denied a fair
trial based on prosecutorial misconduct. We reject that contention.
When defense counsel objected to a remark made by the prosecutor
during his opening statement on the ground that it improperly shifted
the burden of proof, County Court instructed the jury to disregard the
comment, and the jury is presumed to have followed the court's
instruction (*see People v Page*, 105 AD3d 1380, 1382). Additionally,
we conclude that the isolated remark did not deprive defendant of a
fair trial (*see People v Turgeon*, 8 AD3d 1109, 1109, *lv denied* 3 NY3d
682). Defendant also contends that the prosecutor engaged in
misconduct by pursuing charges relating to two victims because the
incidents involving those victims occurred in a different jurisdiction
from the incident involving the third victim, but we conclude that
defendant was not prejudiced thereby. The charges against defendant
arose from his actions while he was operating a motor vehicle and
where his vehicle almost struck the respective vehicles of the two
victims at issue before colliding head-on with a third vehicle;
defendant, however, was convicted of charges stemming only from the
collision with the third vehicle. Moreover, the evidence with respect
to the near collision with the first two vehicles would have been
admissible in the trial on the charges with respect to the collision
with the third vehicle (*see People v MacLean*, 48 AD3d 1215, 1215-1216,
*lv denied* 10 NY3d 866, *reconsideration denied* 11 NY3d 790), and thus

there was no prejudice to defendant (*see generally People v Brown*, 83 NY2d 791, 794).  The remarks by the prosecutor during his cross-examination of a defense witness, while inappropriate, did not deny defendant a fair trial inasmuch as the remarks were not aimed at defendant nor did they have any negative impact on him (*see People v Rodriguez*, 103 AD2d 121, 128-129).  Although we agree with defendant that the prosecutor engaged in misconduct by referring to facts not in evidence, the court issued strong curative instructions that alleviated any prejudice (*see People v Stallworth*, 21 AD3d 1412, 1413, *lv denied* 6 NY3d 759).

Contrary to defendant's contention, the court did not abuse its discretion in denying his request to poll the jurors to determine whether they had knowledge of a story published during the trial about the case (*see People v Rivera*, 31 AD3d 790, 790-791, *lv denied* 7 NY3d 904; *see generally People v Shulman*, 6 NY3d 1, 32, *cert denied* 547 US 1043; *People v Williams*, 78 AD3d 160, 167, *lv denied* 16 NY3d 838).  The court properly noted that conducting such an inquiry "could have the effect of focusing the jurors' attention on something that there was no indication any of them had seen" (*Williams*, 78 AD3d at 167).  The court also properly denied defendant's motion for a *Frye* hearing inasmuch as the testimony of the People's expert "did not involve any novel procedures or innovative scientific theory" (*People v Garrow*, 75 AD3d 849, 852; *see generally People v Wernick*, 89 NY2d 111, 115-116).  Instead, the expert's conclusions regarding intoxication by dextromethorphan, an ingredient in cough syrup, were based on basic principles of toxicology, which is a "well-established and accepted methodolog[y]" (*Nonnon v City of New York*, 88 AD3d 384, 394; *see Marso v Novak*, 42 AD3d 377, 378, *lv denied* 12 NY3d 704, *rearg denied* 12 NY3d 881).

Finally, defendant contends that he "was unconstitutionally punished for exercising his right to a trial by a judge who should have recused himself."  To the extent that defendant contends that the court should have granted his recusal motion, we conclude that there was no abuse of discretion by the court (*see People v Shultis*, 61 AD3d 1116, 1117, *lv denied* 12 NY3d 929; *People v Brown*, 270 AD2d 917, 917-918, *lv denied* 95 NY2d 851; *see generally People v Moreno*, 70 NY2d 403, 405-406).  Defendant failed to preserve for our review his contention that the sentence was vindictive (*see People v Hurley*, 75 NY2d 887, 888; *People v Irrizarry*, 37 AD3d 1082, 1083, *lv denied* 8 NY3d 946) and, in any event, that contention is also without merit (*see Irrizarry*, 37 AD3d at 1083).  It is well settled that " '[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial' " (*id.*).  The sentence is not unduly harsh or severe.

Entered:  July 5, 2013                        Frances E. Cafarell
                                              Clerk of the Court