# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

461
KA 12-01741
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

BRIANNA M. MASSEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (M. William Boller, A.J.), rendered June 11, 2012. The judgment convicted defendant, upon a nonjury verdict, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted following a nonjury trial of assault in the first degree (Penal Law § 120.10 [1]) for cutting another woman in the face and arm with a razor blade during a physical altercation. Defendant contends that the evidence of her intent to commit the crime is legally insufficient to support the conviction and that the verdict is against the weight of the evidence. Defendant failed to preserve for our review her contention concerning the legal sufficiency of the evidence by failing to renew her motion for a trial order of dismissal after presenting evidence (*see People v Goley*, 113 AD3d 1083, 1083; *People v Heary*, 104 AD3d 1208, 1209, *lv denied* 21 NY3d 943, *reconsideration denied* 21 NY3d 1016). In any event, we conclude that the verdict is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495), and, viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). With respect to the element of intent, defendant admitted in her testimony that she caused the victim's injuries by slashing at her with a razor blade, and she " 'may be presumed to intend the natural and probable consequences of [her] actions' " (*People v Boley*, 126 AD3d 1389, 1390, *lv denied* 25 NY3d 1159; *see People v Mahoney*, 6 AD3d 1104, 1104, *lv denied* 3 NY3d 660).

We reject defendant's contention that County Court erred in discrediting her justification defense. There was no evidence that

the victim was armed or was attempting to use deadly physical force against defendant when defendant used the razor blade.  Additionally, the testimony of the victim and other witnesses suggested that defendant had the opportunity to retreat, and failed to do so, making a justification defense inapplicable under the circumstances herein (*see* Penal Law § 35.15 [2] [a]; *People v Robinson*, 1 AD3d 1022, 1023, *lv denied* 1 NY3d 633).  Although defendant provided contradictory testimony, based upon our independent review of the evidence pursuant to CPL 470.15 (5) and giving "[g]reat deference . . . to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*Robinson*, 1 AD3d at 1023 [internal quotation marks omitted]), we conclude that the court's rejection of the justification defense was not contrary to the weight of the evidence.  The sentence is not unduly harsh or severe.

Entered:  June 17, 2016                    Frances E. Cafarell
                                           Clerk of the Court