People v Dyer (2025 NY Slip Op 05613)

People v Dyer

2025 NY Slip Op 05613

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, NOWAK, DELCONTE, AND KEANE, JJ.

740 KA 21-01006

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN K. DYER, ALSO KNOWN AS BRIAN KEITH DYER, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BRAEDAN M. GILLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered June 21, 2021. The judgment convicted defendant upon a nonjury verdict of assault in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a bench trial of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). The conviction arises out of an incident in which defendant struck the victim in the back of the head with a ceramic statue. We affirm.
Defendant's contention that the evidence is legally insufficient to support the conviction of assault in the second degree, inasmuch as the People did not disprove the defenses of justification and intoxication beyond a reasonable doubt, is not preserved for our review because defendant failed to move for a trial order of dismissal on those grounds (see People v Gray, 86 NY2d 10, 19 [1995]; People v Haynes, 133 AD3d 1238, 1239 [4th Dept 2015], lv denied 27 NY3d 998 [2016]). In any event, we conclude that the contention is without merit (see generally People v Barrett, 188 AD3d 1736, 1738-1739 [4th Dept 2020]; People v Moreno, 31 AD3d 1214, 1214 [4th Dept 2006], lv denied 7 NY3d 869 [2006]). Additionally, viewing the evidence in light of the elements of assault in the second degree in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), and giving "[g]reat deference . . . to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (People v Massey, 140 AD3d 1736, 1738 [4th Dept 2016], lv denied 28 NY3d 972 [2016] [internal quotation marks omitted]), we reject defendant's further contention that the court failed to give the evidence the weight it should be accorded when it rejected his justification and intoxication defenses (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's contention that the verdict with respect to criminal possession of a weapon in the third degree is repugnant is unpreserved for our review because defendant failed to raise it before the jury was discharged (see People v Franco, 225 AD3d 1284, 1284 [4th Dept 2024], lv denied 41 NY3d 1002 [2024]).
We have considered defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court