OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted of the first degree manslaughter and aggravated sexual abuse in the first degree of a fellow inmate at Rockland Psychiatric Center. Following the assault, he was seized by hospital personnel and transferred to the custody of the State Police. While under guard of a hospital security officer — and, as the lower court found, without any conduct on the part of the officer that was likely to elicit a statement — defendant made certain inculpatory statements that the hearing court ruled spontaneous, and therefore admissible. While defendant argued that subsequent statements were involuntary because defendant’s mental incapacity made it impossible for him to understand the consequences of a
 
 Miranda
 
 warning, he did not raise either at the suppression hearing or as a ground for objection to the admission of the evidence at trial his present contention on appeal: that as a result of his mental incapacity, he was incapable of uttering his initial, "spontaneous” statement. Although the Appellate Division considered, in the interests of justice, whether defendant’s mental incapacity might render him particularly vulnerable to coercion, that issue is not preserved for us as a question of law.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.