■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DUPREE, Appellant. [665 NYS2d 601] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was denied effective assistance of counsel only as guaranteed by the Sixth Amendment of the US Constitution and not under the State Constitution (*see, People v Claudio,* 83 NY2d 76, 79-80, *rearg dismissed* 88 NY2d 1007), based upon various omissions on the part of defense counsel. Defendant failed to show that "counsel made errors so serious that counsel was not functioning as * * * guaranteed * * * by the Sixth Amendment" and failed to show "that the deficient performance prejudiced the defense" (*Strickland v Washington,* 466 US 668, 687, *reh denied* 467 US 1267). Even if the State constitutional standard were to be applied, the result would be no different. Here, " 'the evidence, the law, and the circumstances of [this]

case, viewed in totality and as of the time of the representation,'" establish that defendant received meaningful representation (*People v Rivera,* 71 NY2d 705, 708, quoting *People v Baldi,* 54 NY2d 137, 146-147).

Defendant failed to preserve for our review his contention that his statement to police should have been suppressed as the product of police deception and trickery (*see,* CPL 470.05 [2]; *People v Dunn,* 85 NY2d 956). In any event, County Court properly denied the motion to suppress because defendant was not in custody when he made the statement (*see, People v Yukl,* 25 NY2d 585, *mot to amend remittitur denied* 26 NY2d 845, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Rape, 1st Degree.) Present—Green, J. P., Pine, Wisner, Balio and Fallon, JJ.