■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DYLAN GIBBONS, Appellant. [789 NYS2d 125]—

Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered March 28, 2002, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

At trial, defendant did not raise his current argument that there was insufficient evidence of depraved indifference murder in that the only reasonable view of the evidence was that he intentionally killed the victim. Accordingly, this argument is unpreserved (*People v Gray*, 86 NY2d 10 [1995]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the evidence with respect to depraved indifference murder was legally sufficient (*compare People v Sanchez*, 98 NY2d 373 [2002], *with People v Payne*, 3 NY3d 266 [2004]). Furthermore, the verdict was not against the weight of the evidence. Defendant's course of conduct, viewed as a whole, did not clearly establish that he acted with homicidal intent, as opposed to depraved indifference, toward the victim. Furthermore, the jury could have reasonably concluded that defendant's actions in shooting at the victim on a busy street showed a wanton disregard for human life.

The court properly exercised its discretion in denying defendant's mistrial motion, made on the basis of a portion of

the prosecutor's summation in which she suggested that inconsistencies in the prosecution witnesses' testimony had resulted from their fears, and related those witnesses' fears to those of certain prospective jurors who were familiar with the neighborhood in question and had sought to be excused on voir dire. Although this line of argument tended to appeal to the jury's fears and emotions and was improper, this single impropriety in the prosecutor's summation was harmless (see *People v D'Alessandro*, 184 AD2d 114, 120 [1992], *lv denied* 81 NY2d 884 [1993]).

The court's supplemental instruction to the jury, providing hypotheticals in answering a jury note concerning the evaluation of testimony regarding the unnamed witness, was fair and balanced, and it did not invade the province of the jury (see *People v Perry*, 266 AD2d 151, 152 [1999], *lv denied* 95 NY2d 856 [2000]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions, including all of his constitutional arguments, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Ellerin, Nardelli, Gonzalez and Catterson, JJ.