■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE HUNTER, Appellant. [791 NYS2d 41]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered April 4, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

Although the trial court misstated the law in expressing the

view that defendant could not establish a prima facie case of racial discrimination in jury selection under *Batson v Kentucky* (476 US 79 [1986]) based on the prosecutor's peremptory challenge of a single panelist of a particular class (*see People v Smocum*, 99 NY2d 418, 421-422 [2003]), defendant's objection to the subject peremptory challenge is unpreserved. This is because counsel failed to articulate a sufficient basis, apart from the panelist's membership in the suspect class, for regarding the challenge as prima facie discriminatory. The record does not support defendant's contention on appeal that the court "cut off" his trial counsel before she finished making her prima facie case. Although the court indicated that the objection would be overruled before counsel had completed her argument, counsel failed to seek to complete the argument for the purpose of creating an appellate record.

We reject defendant's argument that the trial court erred in denying his request for disclosure, as *Rosario* material, of documents relating to drug buys the police made from other individuals on the same day as the buy they made from defendant. The documents in question did not relate to the subject matter of any testimony elicited by the People on direct examination, and, therefore, did not constitute *Rosario* material, regardless of defense counsel's inquiries concerning the other transactions on cross-examination (*see People v Polanco*, 302 AD2d 305 [2003]; *People v Roebuck*, 279 AD2d 350 [2001], *lv denied* 96 NY2d 805 [2001]). The court also properly exercised its discretion in denying defendant's request to call the prosecutor as a witness concerning a notation she made on a document that was turned over as *Rosario* material, since the prosecutor explained that she did not know why she made the notation, and that it may have related to a different defendant (*see People v Paperno*, 54 NY2d 294, 302-303 [1981]). In any event, any error in this regard would have been harmless in view of the overwhelming evidence of defendant's guilt. Finally, the court did not commit any error in permitting two police officers to testify in a closed courtroom, using assumed names, since the People made the showing required to justify proceeding in such fashion (*see People v Stanard*, 42 NY2d 74 [1977], *cert denied* 434 US 986 [1977]). Concur—Andrias, J.P., Saxe, Friedman, Marlow and Nardelli, JJ.