THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY JEROME, Appellant. [828 NYS2d 78]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered March 2, 2005, convicting him of assault in the second degree, unlawful imprisonment in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the defendant's challenge to the prosecutor's exercise of peremptory challenges against black male venirepersons, and if the defendant makes a prima facie showing of purposeful exclusion, then to hear and report on the prosecutor's exercise of peremptory challenges, and the

appeal is held in abeyance in the interim. The Supreme Court shall file its report with all convenient speed.

During jury selection, the defense counsel attempted to challenge, pursuant to *Batson v Kentucky* (476 US 79 [1986]), the prosecutor's motives in using her peremptory challenges to excuse four out of six black male venirepersons. The trial court refused to sustain the *Batson* challenge after stating that such a challenge could succeed only if all black venirepersons, as opposed to just black males, were disproportionately challenged. This was error.

In *People v Garcia* (217 AD2d 119, 122 [1995]), when the trial court refused to sustain a *Batson* challenge on the ground that black females were not a cognizable group, we stated that "by ruling that black females do not have such a status, the trial court precluded full inquiry as to whether the *Batson* test should be applied" (*People v Garcia, supra* at 122). We therefore remitted the matter to the Supreme Court to allow the defendant an opportunity to make out a prima facie *Batson* showing.

Likewise, in the present case, the trial court did not allow the defense counsel to set forth the "facts and other relevant circumstances" which he felt made out a prima facie case of purposeful exclusion by the prosecutor, thus "preclud[ing] full inquiry as to whether the *Batson* test should be applied (*People v Garcia, supra* at 122). Therefore, the defendant is entitled to an opportunity to make out a prima facie *Batson* showing (*see People v Childress,* 81 NY2d 263, 266 [1993]; *People v Cardwell,* 255 AD2d 451, 452 [1998]; *People v Garcia, supra*). Adams, J.P., Ritter, Mastro and Lifson, JJ., concur.