■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HICKS, Defendant-Appellant. [848 NYS2d 141]—

Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered March 9, 2005, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 19 years, respectively, unanimously affirmed.

The court properly denied defendant's application pursuant to Batson v Kentucky (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual, and this finding is entitled to great deference (see People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]). The court, which employed its unique opportunity to observe demeanor, properly accepted the prosecutor's concerns about the intelligence of one of the panelists and the fact that three of the panelists had relatives or friends convicted of serious crimes. The prosecutor articulated specific reasons for challenging certain panelists while simultaneously accepting others alleged by defendant to be similarly situated to the challenged panelists. We find no basis for disturbing the court's determination, which essentially involved an assessment of the prosecutor's credibility.

Defendant did not preserve (see e.g. People v Richardson, 100

NY2d 847, 853 [2003]; *People v Allen*, 86 NY2d 101, 111 [1995]) his present claims that, in making its ruling on defendant's *Batson* application, the court improperly considered defendant's own pattern of challenges; that the court failed to articulate its reasons for finding that the prosecutor's explanations were nonpretextual; and that the prosecutor's explanation for a challenge he made to another juror in a later round of voir dire supports the conclusion that his earlier challenges were pretextual, and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Mazzarelli, J.P., Andrias, Buckley, Sweeny and McGuire, JJ.