■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD TIMMONS, Appellant. [864 NYS2d 111]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered April 4, 2000, convicting him of murder in the first degree (three counts), and aggravated criminal contempt, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement authorities and physical evidence.

Ordered that the judgment is affirmed.

The counts of the indictment charging the defendant with murder in the first degree were not duplicitous, as each of the counts charged the defendant with a single crime (see CPL 200.30 [1]; Penal Law § 125.27 [1] [a] [viii]). Nor were the counts of the indictment charging the defendant with murder in the first degree multiplicitous. The same crime was not charged in more than one of the counts (see People v Saunders, 290 AD2d 461 [2002]; People v Taylor, 190 Misc 2d 124 [2002]).

The Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement authorities and physical evidence. The police were confronted with an emergency situation in which there was an immediate need for their assistance for the protection of life, the search was not motivated by an intent to arrest and seize evidence, and there was a reasonable basis, approximating probable cause, to associate the emergency with the area to be searched (see People v Mitchell, 39 NY2d 173 [1976], cert denied 426 US 953 [1976]; People v Desmarat, 38 AD3d 913, 914-915 [2007]). In this case, the police were investigating a report of an assault in progress. Notwithstanding the repeated knocking at the door of the subject apartment by the police, no one responded. Moreover, the police heard the sound of either a television or a stereo being raised and lowered, indicating that someone was in the subject apartment. Accordingly, the subsequent action by the police in forcibly opening the door of the apartment did not warrant the suppression of evidence.

Moreover, the Supreme Court correctly determined that the

defendant's statements were voluntarily made, despite the fact that he was experiencing pain from an injured wrist (*see People v Hughes*, 280 AD2d 694, 695 [2001]; *People v Ragin*, 224 AD2d 642 [1996]). The credibility determinations of the Supreme Court, which saw and heard the witnesses at the suppression hearing, are entitled to great weight on appeal, and will not be disturbed unless they are unsupported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Stevens*, 44 AD3d 882 [2007]). The determination of the Supreme Court that the defendant's statements were made voluntarily has ample support in the record.

The Supreme Court correctly permitted the prosecutor to present evidence of the defendant's prior conviction of crimes involving domestic violence committed against his wife, who was one of the murder victims. The evidence was introduced to establish the defendant's motive, relevant background information to assist the jury in understanding the relationship between the defendant and his wife, and to explain why an order of protection had been issued (*see People v Alvino*, 71 NY2d 233, 242 [1987]; *People v Molineux*, 168 NY 264, 297-305 [1901]; *People v Westerling*, 48 AD3d 965 [2008]; *People v Wlasiuk*, 32 AD3d 674, 676-677 [2006]; *People v James*, 19 AD3d 616 [2005]).

The defendant's contention that the verdict of guilt is not supported by legally sufficient evidence is unpreserved for appellate review, as he specifically declined to move to dismiss the charges at the close of the prosecution's evidence and at the end of the case (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). We note that the prosecution was not required to prove the defendant's motive for committing the murders, as motive is not an element of the crime of murder (*see People v Caban*, 5 NY3d 143, 154 [2005]).

The defendant's intent to commit the murders may be inferred not only from his conduct, but by the surrounding circumstances (*see People v Smith*, 35 AD3d 635 [2006]).

The defendant's contention that his statements were obtained in violation of his right to counsel is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, cannot be determined on this record.

The defendant's contention regarding jury selection is without merit. The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]), and in any event, are without merit. Mastro, J.P., Dillon, Eng and Belen, JJ., concur.