■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE MAXWELL, Appellant. [933 NYS2d 384]—

Although the defendant contends that the prosecutor made various remarks during summation which deprived him of a fair trial by, inter alia, appealing to the jurors' sympathies and violating the unsworn witness rule, he failed to preserve that contention for appeal (*see* CPL 470.05 [2]; *People v Butts*, 279 AD2d 587, 587-588 [2001]). In any event, "most of the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, fair comment on the evidence, or responsive to arguments and theories presented in the defense summation" (*People v Smalls*, 65 AD3d 708 [2009]). The defendant's additional contention that the prosecutor's remarks during summation improperly shifted the burden of proof is without merit (*see People v Annakie*, 47 AD3d 943, 944 [2008]). Furthermore, any error that resulted from the remainder of the challenged remarks does not require reversal.

Contrary to the defendant's contention raised in his pro se supplemental brief, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress certain statements he made to law enforcement authorities after he was arrested. The statements, which included the defendant's assertion that "it did not matter anyway, he was going to spend the rest of his life in jail and he was going to leave it in God's hands," were spontaneous and voluntary (*see People v Porter*, 251 AD2d 601 [1998]; *cf. People v Timmons*, 54 AD3d 883, 884-885 [2008]).

The defendant contends in his pro se supplemental brief that the evidence was legally insufficient to prove his guilt beyond a reasonable doubt, and that the verdict was against the weight of the evidence. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Prudenti, P.J., Florio, Eng and Chambers, JJ., concur.