■ In the Matter of STATE OF NEW YORK, Respondent, v COLVIN M., Appellant. [973 NYS2d 664]—In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Colvin M., a sex offender allegedly requiring civil management, Colvin M. appeals from an order of the Supreme Court, Kings County (Garnett, J.), dated April 3, 2012, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is affirmed, without costs and disbursements.

The appellant's challenges to certain remarks made by the Assistant Attorney General during summation are unpreserved for appellate review, as the appellant did not object to the remarks at issue (*see Burke v Carrion*, 101 AD3d 920 [2012]; *People v Maxwell*, 89 AD3d 1106 [2011]). In any event, the challenged remarks were fair comment on the evidence, permissible rhetorical comment, a fair response to appellant counsel's remarks, or not so pervasive as to have deprived him of a fair trial (*see People v Simmons*, 106 AD3d 1115 [2013]; *People v Ward*, 106 AD3d 842 [2013]; *People v Daniels*, 103 AD3d 807 [2013]; *People v Persaud*, 98 AD3d 527 [2012]; *People v Jenkins*, 93 AD3d 861 [2012]).

Furthermore, clear and convincing evidence supports the Supreme Court's determination that the appellant is a dangerous sex offender requiring confinement in a secure facility (*see Matter of State of New York v Robert B.*, 106 AD3d 828 [2013]; *Matter of State of New York v Alfredo M.*, 96 AD3d 1068 [2012]). Dillon, J.P., Angiolillo, Leventhal and Lott, JJ., concur.