■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ALLEYNE, Appellant. [35 NYS3d 925]—Appeal by the defendant, as limited by his motion, from a resentence of the Supreme Court, Kings County (Guzman, J.), imposed November 25, 2014, on the ground that the resentence was excessive.

Ordered that the resentence is affirmed.

The resentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Chambers, Austin, Roman and Duffy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEATON ANDERSON, Appellant. [35 NYS3d 919]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered August 15, 2006, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions regarding the prosecutor's exercise of peremptory challenges are unpreserved for appellate review to the extent that the defendant did not specifically raise them before the Supreme Court when making applications for relief under *Batson v Kentucky* (476 US 79 [1986]; *see* CPL 470.05 [2]; *People v Smith*, 81 NY2d 875, 876 [1993]; *People v Wallace*, 128 AD3d 866, 868 [2015]; *People v Hunter*, 16 AD3d 187, 188 [2005]; *People v Fuller*, 302 AD2d 405 [2003]). In any event, the defendant failed to make a prima facie showing of purposeful exclusion sufficient to raise an inference of discrimination (*see People v Hecker*, 15 NY3d 625, 655 [2010]; *People v Brown*, 97 NY2d 500, 508 [2002]; *People v Childress*, 81 NY2d 263, 267-268 [1993]; *People v Bolling*, 79 NY2d 317, 325 [1992]; *People v Vidal*, 212 AD2d 553, 554 [1995]; *cf. People v Jenkins*, 75 NY2d 550, 553 [1990]).

Moreover, contrary to the defendant's contention, the Supreme Court did not prevent him from setting forth additional facts and relevant circumstances in support of his prima facie showing (*cf. People v Jerome*, 34 AD3d 835, 836 [2006]; *People v Garcia*, 217 AD2d 119, 122 [1995]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Roman, Cohen and Connolly, JJ., concur.