■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT K. MOORE, Appellant. [37 NYS3d 158]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Condon, J.), rendered January 7, 2015, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied those branches of his omnibus motion which were to suppress certain statements he made to law enforcement officials. The statements were either spontaneous and voluntary (*see People v Goldson*, 136 AD3d 1053, 1054 [2016]; *People v Maxwell*, 89 AD3d 1106, 1107 [2011]; *People v Dunn*, 195 AD2d 240, 244 [1994], *affd* 85 NY2d 956 [1995]) or not the product of custodial interrogation (*see People v Rivers*, 56 NY2d 476, 479 [1982]; *People v Matos*, 133 AD3d 885, 889 [2015]; *People v Hester*, 161 AD2d 665, 666 [1990]).

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review since he failed to move for a trial order of dismissal specifically directed at the errors he now claims (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Sams*, 140 AD3d 1195 [2016]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (*see* Penal Law § 35.15). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and its verdict of guilt were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]).

The defendant's contention that he was deprived of his right to a fair trial due to improper remarks made by the prosecutor at trial is without merit. To the extent that some of the prosecutor's remarks were improper, those remarks did not

deprive the defendant of a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Roscher*, 114 AD3d 812, 813 [2014]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are either without merit or do not warrant reversal. Rivera, J.P., Leventhal, Hinds-Radix and Brathwaite Nelson, JJ., concur.