■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRINEO JIMENEZ, Appellant. [49 NYS3d 912]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered May 1, 2014, convicting him of assault in the second degree, criminal possession of a weapon in the fourth degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions regarding the prosecutor's exercise of peremptory challenges are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Smith*, 81 NY2d 875, 876 [1993]; *People v Anderson*, 142 AD3d 509, 509 [2016]; *People v Wallace*, 128 AD3d 866, 868 [2015]; *People v Hunter*, 16 AD3d 187, 188 [2005]; *People v Fuller*, 302 AD2d 405 [2003]). In any event, the defendant failed to make a prima facie showing of purposeful exclusion sufficient to raise an inference of discrimination (*see People v Hecker*, 15 NY3d 625, 655 [2010]; *People v Brown*, 97 NY2d 500, 508 [2002]; *People v Childress*, 81 NY2d 263, 267-268 [1993]; *People v Bolling*, 79 NY2d 317, 325 [1992]; *People v Anderson*, 142 AD3d at 509).

The defendant's contention that he was deprived of a fair trial because of certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see People v Rivera*, 73 NY2d 941, 942 [1989]; *People v Ford*, 69 NY2d 775, 776 [1987]; *People v Nuccie*, 57 NY2d 818, 819 [1982]; *People v Medina*, 53 NY2d 951, 953 [1981]; *People v Eugene*, 27 AD3d 480, 481 [2006]; *People v Hudgins*, 20 AD3d 489, 490 [2005]). In any event, to the extent that some of the prosecutor's remarks were improper, those remarks did not deprive the defendant of a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Moore*, 142 AD3d 1024 [2016]; *People v Roscher*, 114 AD3d 812, 813 [2014]).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Romero*, 7 NY3d 633 [2006]; *People v Bleakley*, 69 NY2d 490 [1987]).

The sentence imposed was not excessive (*see People v Suitte*,

90 AD2d 80 [1982]). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.