■ The People of the State of New York, Respondent, v Cecilio Lopez, Appellant. [52 NYS3d 902]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered June 27, 2013, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court properly denied suppression of the defendant's statement to law enforcement officials. " 'The credibility determinations of the Supreme Court, which saw and heard the witnesses at the suppression hearing, are entitled to great weight on appeal, and will not be disturbed unless they are unsupported by the record' " (*People v Reaves*, 112 AD3d 746, 747 [2013], quoting *People v Timmons*, 54 AD3d 883, 885 [2008]). Based on the evidence presented at the hearing, the defendant's statement, made after his arrest but before administration of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), was not triggered by any police questioning or other conduct which reasonably could have been expected to elicit a declaration from him (*see People v Rivers*, 56 NY2d 476, 480 [1982]; *People v Tavares-Nunez*, 87 AD3d 1171 [2011]; *People v Dunn*, 195 AD2d 240 [1994], *affd* 85 NY2d 956 [1995]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Danielson*, 9 NY3d 342, 349 [2007]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL

470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence.

The defendant challenges certain comments made by the prosecutor during summation. Most of the challenged remarks were fair comment on the evidence, responsive to defense counsel's summation, or permissible rhetorical comment (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Hatcher*, 130 AD3d 648, 649 [2015]). To the extent that some of the remarks were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial (*see People v Almonte*, 23 AD3d 392, 394 [2005]; *People v Crimmins*, 36 NY2d 230, 237 [1975]). Chambers, J.P., Roman, Miller and Connolly, JJ., concur.