People v Maragh (2018 NY Slip Op 01483)





People v Maragh


2018 NY Slip Op 01483


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2014-08017
 (Ind. No. 5043/12)

[*1]The People of the State of New York, respondent,
v
Mark Maragh, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Terrence F. Heller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Daniel K. Chun, J.), rendered August 6, 2014, convicting him of criminal possession of a weapon in the third degree and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (William M. Harrington, Jr.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress physical evidence. The People established that the police were confronted with an emergency situation in which there was an immediate need for their assistance for the protection of life, the search was not motivated by an intent to arrest and seize evidence, and there was a reasonable basis, approximating probable cause, to associate the emergency with the area to be searched (see People v Mitchell, 39 NY2d 173, 177-178; People v Timmons, 54 AD3d 883, 884). The evidence at the suppression hearing established that the officers were responding to a report of a dispute involving a gun between two persons in the back room of a house. After ringing the doorbell and knocking on the front door of the house and receiving no answer, the officers entered the unlocked front door of the house. Under these circumstances, the officers' entry was justified by the emergency doctrine (see People v Timmons, 54 AD3d at 884; People v Robinson, 225 AD2d 399, 399-400; People v Love, 204 AD2d 97, 97-98, affd 84 NY2d 917; People v Lewis, 108 AD2d 872, 872-873).
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court