People v Anderson (2018 NY Slip Op 05184)





People v Anderson


2018 NY Slip Op 05184


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-02593
 (Ind. No. 761/14)

[*1]The People of the State of New York, respondent,
v
Grover C. Anderson, appellant.


Paul Skip Laisure, New York, NY (Rebecca J. Gannon of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Kayonia L. Whetstone of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered March 2, 2016, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the telephone conversation that the defendant had with his wife while he was incarcerated was properly admitted into evidence. Since, at the start of each conversation, the defendant was advised that the call he was placing might be recorded or monitored, he may not avail himself of the protection of the marital privilege (see CPLR 4502[b]; CPL 60.10; Wolfle v United States, 291 US 7, 14; Matter of Vanderbilt [Rosner-Hickey], 57 NY2d 66, 73; People v Wilkerson, 140 AD3d 1297, 1303-1304; People v Thomas, 288 AD2d 405, 406).
The defendant's contention that the prosecutor provided an insufficient explanation for the prosecutor's exercise of a particular peremptory challenge upon the defendant's Batson challenge (see Batson v Kentucky, 476 US 79) is unpreserved for appellate review, as the defendant did not specifically raise that contention before the Supreme Court (see CPL 470.05[2]; People v Smocum, 99 NY2d 418, 423; People v Smith, 81 NY2d 875, 876; People v Anderson, 142 AD3d 509, 509; People v Wallace, 128 AD3d 866, 868; People v Hunter, 16 AD3d 187, 188). In any event, the contention is without merit, as the prosecutor's explanation was facially race-neutral (see People v Hicks, 46 AD3d 466; People v Cuthrell, 284 AD2d 982).
LEVENTHAL, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court