People v Perez (2018 NY Slip Op 07459)





People v Perez


2018 NY Slip Op 07459


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2015-09370
 (Ind. No. 792/13)

[*1]The People of the State of New York, respondent,
v
Jarrell D. Perez, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered August 19, 2015, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his conviction was not supported by legally sufficient evidence is unpreserved for appellate review, as the defendant "failed to move for a trial order of dismissal specifically directed at the errors he now claims" (People v Moore, 142 AD3d 1024, 1025; see CPL 470.05[2]; People v Hawkins, 11 NY3d 484; People v Gray, 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court provided a meaningful response to the fifth note from the deliberating jury, which sought all evidence relevant to the defendant's knowledge of the gun he was convicted of possessing (see People v Powell, 27 NY3d 523, 532; People v Kisoon, 8 NY3d 129, 134; People v Dombroff, 44 AD3d 785, 786). The court's response, which encompassed the defendant's testimony and testimony of one of the People's witnesses regarding a statement made by the defendant after he was informed of the discovery of the subject gun, "was fair and balanced, and it did not invade the province of the jury" (People v Gibbons, 15 AD3d 196, 197).
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court