People v Ramseur (2024 NY Slip Op 06080)

People v Ramseur

2024 NY Slip Op 06080

Decided on December 5, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 5, 2024

113359
[*1]The People of the State of New York, Respondent,
v
Lavaughn M. Ramseur, Appellant.

Calendar Date:October 9, 2024

Before:Garry, P.J., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ.

G. Scott Walling, Slingerlands, for appellant.
Mary E. Saitta, Special Prosecutor, Binghamton, for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered August 3, 2021, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree and assault in the third degree.
In August 2019, defendant fired a loaded gun into the sidewalk during a confrontation with two individuals, causing them to suffer injuries from shrapnel. Defendant was later charged by indictment with criminal possession of a weapon in the second degree, reckless endangerment in the first degree and two counts of assault in the third degree. A jury found him guilty of the weapon possession charge and one count of assault. He was then sentenced to a prison term of five years, to be followed by five years of postrelease supervision, for the weapon possession conviction and a lesser concurrent term of incarceration for the remaining conviction. Defendant appeals.
Defendant raises several arguments concerning his Batson challenge (see Batson v Kentucky, 476 US 79 [1986]). During jury selection, the People sought to use a peremptory challenge to exclude the subject prospective juror. Defendant responded that he "want[ed] a Batson challenge on that." County Court asked him to explain the basis, and defendant argued that the prospective juror, a self-reported member of the NAACP, was African American. The court stated that there had to be a pattern of discriminatory challenges, and defendant voiced his disagreement. The court then further remarked that it "couldn't even tell [the prospective juror] was African American" because she was "a very light-skinned woman"; "[m]aybe she is, maybe she isn't." Defendant merely responded that he was "throw[ing] it out there" and that he would "respect whatever [the court's] decision [wa]s." The court reiterated that no pattern was established and that the juror did not appear to be African American, questioning whether defendant was basing that assertion on her NAACP membership. Defendant did not clarify but again passively responded, "I'm just making the challenge. I'll respect whatever your decision is." The court then said, "[o]kay," prompting the court clerk to clarify if the prospective juror was "off," and the prosecutor answered that, yes, she was perempted.
We agree with defendant that County Court erred in requiring a pattern of discrimination in the exercise of peremptory challenges as "a prima facie case may be made based on the peremptory challenge of a single juror that gives rise to an inference of discrimination" (People v Smocum, 99 NY2d 418, 422 [2003]). However, the People correctly assert that defendant's remaining arguments were inadequately preserved for appellate review. Although defendant now asserts that the court's supposition regarding the prospective juror's race was improper, he readily accepted the court's assessment at the time it was rendered, when it may have been addressed (see People v James, 99 NY2d 264, 272 [2002]; People v Williams, [*2]260 AD2d 651, 651 [2d Dept 1999], lv denied 93 NY2d 1007 [1999]). Defendant failed to request the inquiry into the prospective juror's race that he now urges was required (see generally People v Pescara, 162 AD3d 1772, 1773 [4th Dept 2018]), and it was incumbent upon him to "articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection [was] raised and discussed" (People v Childress, 81 NY2d 263, 268 [1993]). Defendant's claim that the court "seiz[ed] control of the subject and subjugat[ed] defendant to its authority," thereby excusing him from pressing the issue or moving for a mistrial, is not even remotely borne out in the record (see People v Hunter, 16 AD3d 187, 188 [1st Dept 2005], lv denied 4 NY3d 887 [2005]). "Despite the sometimes enormous pressures of trial, it is for courts to discharge their responsibilities under the law and for counsel to voice objection when they do not" (People v Smocum, 99 NY2d at 423). Counsel need not be aggressive to preserve an issue, but the issue must be brought forward on the record, at least stated in some manner, to be deemed preserved. From this limited colloquy, we can only conclude that defendant started to raise an issue but then fully and completely abandoned any such issue.[FN1]
Defendant's claim that County Court sentenced him in a manner that penalized him for exercising his right to a trial is also unpreserved given his failure to object at sentencing to the disparity between the various pretrial plea offers and the sentence imposed by the court (see People v Imes, 226 AD3d 1080, 1084 [3d Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Almenteros, 214 AD3d 1027, 1031 [3d Dept 2023], lv denied 40 NY3d 927 [2023]). In any event, the fact that a sentence imposed after a trial is longer than that offered during plea negotiations does not by itself establish vindictiveness (see People v Burdo, 210 AD3d 1306, 1311 [3d Dept 2022], lv denied 39 NY3d 1077 [2023]; People v Williams, 163 AD3d 1160, 1165 [3d Dept 2018], lv denied 32 NY3d 1179 [2019]). As to defendant's request for modification of his sentence in the interest of justice, we note County Court's reference to the proof of pressure put upon a witness to not appear to testify. Considering this factor and his failure to take responsibility for his actions, we do not find his sentence — which is far less than the maximum 15 years permitted (see Penal Law §§ 70.02 [1] [b]; [3] [b]; 265.03) — to be "unduly harsh or severe" (CPL 470.15 [6] [b]).
Reynolds Fitzgerald, Fisher, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: In any event, defendant also failed to show any facts or circumstances of the voir dire that would raise an inference of discrimination (see People v King, 277 AD2d 708, 708 [3d Dept 2000], lv denied 96 NY2d 802 [2001]). Although "[t]here are no fixed rules for determining what evidence will give rise to an inference sufficient to establish a prima facie case of discrimination" (People v Bolling, 79 NY2d 317, 323-324 [1992]), here, defendant failed to even establish the prospective juror's race on the record (see People v Tirado, 210 AD2d 175, 175 [1st Dept 1994], lv denied 85 NY2d 915 [1995]).