■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON KENWARD, Appellant. [699 NYS2d 35] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered July 19, 1995, convicting defendant, after a jury trial, of attempted robbery in the first degree, attempted robbery in the second degree and assault in the first degree, and sentencing him to concurrent terms of 3$^1$/$_3$ to 10 years, 2$^1$/$_3$ to 7 years and 3$^1$/$_3$ to 10 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Contrary to defendant's argument, there was ample evidence of serious physical injury. The testimony of the complainant's surgeon about the extent of the injuries and the complainant's testimony, including a demonstration of continued problems with his hand, established "protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]; *see, People v Askerneese*, 256 AD2d 34, *affd* 93 NY2d 884). Based on testimony that defendant had expressed a threatening intention and thrust the knife at the complainant, who blocked the weapon with his hand, the jury reasonably could have inferred an intent to inflict serious physical injury.

The court properly exercised its discretion in denying defendant's motion for a mistrial, the only remedy requested, made on the ground that the complainant had allegedly overheard a restroom conversation between defendant and his

counsel. Defendant's claim that the court should have conducted an inquiry is unpreserved and we decline to review it in the interest of justice.

The court properly exercised its discretion (*see, Matter of Anthony M.*, 63 NY2d 270, 284, n 2) in precluding defendant from testifying on surrebuttal, since counsel failed to satisfy the court in an offer of proof that defendant would specifically address the limited matters raised by the People's rebuttal witness. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Wallach and Friedman, JJ.