■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK STEVENSON, Also Known as MARK STEPHENS, Appellant. [722 NYS2d 238] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J., at hearing; Alexander Hunter, J., at jury trial and sentence), rendered November 20, 1996, convicting defendant of assault in the first degree, burglary in the first degree (two counts), attempted robbery in the first degree (two counts), criminal use of a firearm in the first degree, and criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of 5 to 15 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Contrary to defendant's contention, the record establishes that the issue of whether his identification was the product of an allegedly illegal seizure was fully litigated and ruled upon. The court correctly found that the police had the necessary reasonable suspicion to detain defendant for a showup identification. Defendant was apprehended shortly after the shooting, in close proximity to where the shooting had occurred, and he matched the radioed description of the assailant, including the distinctive white hooded shirt he wore and his gold tooth (*see, People v Braxton*, 250 AD2d 533, *lv denied* 92 NY2d 894; *People v Carr*, 220 AD2d 317, *lv denied* 87 NY2d 971).

The court properly exercised its discretion in denying

defendant's request to recall the complainant for further cross-examination on his prior conviction. Defendant was given timely notice of the complainant's conviction to the extent required by CPL 240.45 (1) (b) and had sufficient opportunity for cross-examination on this subject. Defendant did not establish that his subsequent discovery of additional underlying facts concerning this conviction warranted recalling the complainant after the People had rested (*see*, *People v Mercado*, 134 AD2d 292). Concur—Andrias, J. P., Ellerin, Rubin, Saxe and Friedman, JJ.