■ The People of the State of New York, Respondent, v Mark E. Smith, Appellant. [779 NYS2d 853]—

Crew III, J. Appeal from a judgment of the County Court of Franklin County (Lawliss, J.), rendered September 13, 2002, upon a verdict convicting defendant of the crime of rape in the first degree, sodomy in the first degree, burglary in the first degree, criminal contempt in the first degree, aggravated criminal contempt, assault in the second degree and menacing in the second degree.

Defendant was indicted and charged with, inter alia, three instances of rape involving his former girlfriend, which allegedly occurred on October 3, 2001, October 9, 2001 and October 23, 2001. Following a jury trial, defendant was acquitted on all of the charges arising out of the incidents allegedly occurring on October 3, 2001 and October 9, 2001, but convicted of the crimes of rape, sodomy, burglary, criminal contempt, aggravated criminal contempt, assault and menacing in relation to the events of October 23, 2001. County Court thereafter sentenced defendant to an aggregate term of 11 to 13 years of imprisonment. Defendant now appeals.

Of the numerous issues raised by defendant, only two merit discussion.* Defendant contends that County Court erred in preventing his expert witness from opining that the medical evidence was inconsistent with the victim's claim of forcible rape. We agree, but find such error to be harmless. While County Court, on a number of occasions, sustained objections to questions seeking such testimony, the expert nevertheless testified on direct examination that she observed nothing with regard to the photographic exhibits, such as hypervascularity, tears or lacerations, that was inconsistent with consensual sex. She further testified that, in her opinion, there was no evidence that penetration recently had occurred.

Defendant next contends that County Court erred by allowing the People's psychiatrist to testify regarding the learned

---

* A number of defendant's claimed errors relate to the October 3, 2001 and October 9, 2001 incidents, which have been rendered moot by reason of his acquittal of the charges relating to said dates.

helplessness syndrome on the ground that the theory had not obtained sufficient acceptance in the relevant scientific community to warrant its admissibility. In that regard, we need note only that trial counsel made no objection to the testimony on that ground (*see People v Gallup*, 302 AD2d 681, 684 [2003], *lv denied* 100 NY2d 594 [2003]), nor did he make a motion in limine to preclude such testimony (*see Lara v New York City Health & Hosps. Corp.*, 305 AD2d 106 [2003]). Defendant further contends that it was error to permit expert testimony concerning the learned helplessness syndrome, the rape trauma syndrome and the battered woman syndrome, inasmuch as such theories were offered to prove that the alleged sexual assaults actually took place. We disagree. The testimony in question was elicited to provide the jury with an explanation of the victim's behaviors surrounding the underlying incidents, which otherwise may have appeared unusual to a jury, a purpose that the courts have long condoned (*see e.g. People v Carroll*, 300 AD2d 911, 914 [2002], *lv denied* 99 NY2d 626 [2003]). We have considered defendant's remaining contentions, including his assertion that his convictions were not supported by legally sufficient evidence and were against the weight of the evidence, and have found them equally unavailing.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.