THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL JOHNSON, Appellant. [801 NYS2d 755]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Adler, J.), rendered December 17, 2001, convicting him of rape in the first degree (five counts), sodomy in the first degree (five counts), kidnapping in the second degree (two counts), criminal possession of a weapon in the third degree (three counts), assault in the second degree (four counts), attempted assault in the first degree, and burglary in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to convict him of the crimes of rape, sodomy, and kidnapping is unpreserved for appellate review, since the defendant made only a general motion for a trial order of dismissal (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our

factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The trial court providently exercised its discretion in admitting expert testimony regarding the battered women's syndrome. The testimony was properly admitted to aid the jury in understanding the unusual behavior of one of the female victims after the attack (*see People v Carroll,* 95 NY2d 375, 387 [2000]; *People v Taylor,* 75 NY2d 277 [1990]; *People v Smith,* 9 AD3d 745 [2004]; *People v Byron,* 2 AD3d 453 [2003]). Furthermore, under the circumstances of this case, the prosecutor's decision to call an expert to give testimony regarding the battered women's syndrome, rather than rape-trauma syndrome as initially planned, did not change the theory of proof and therefore caused no prejudice to the defendant.

The defendant's remaining contentions are either waived, unpreserved for appellate review and/or without merit. Cozier, J.P., Krausman, Goldstein and Lunn, JJ., concur.