■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE ANTHONY McLEOD, Appellant. [833 NYS2d 131]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered April 29, 2004, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to concurrent determinate terms of imprisonment of 25 years for manslaughter in the first degree, 15 years for criminal possession of a weapon in the second degree, and 7 years for criminal possession a weapon in the third degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment for manslaughter in the first degree from 25 years to 18 years and criminal possession of a weapon in the second degree from 15 years to 10 years; as so modified, the judgment is affirmed.

The trial court's failure to charge the lesser-included offense of criminally negligent homicide was not error. Because the court charged the lesser-included offense of manslaughter in the second degree, and the defendant was convicted of manslaughter in the first degree, "the court's refusal to charge the more remote lesser-included offense of criminally negligent homicide cannot be a basis for reversal" (*People v McMurry*, 30 AD3d 444 [2006]).

The sentence imposed was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Crane, J.P., Florio, Fisher and Dickerson, JJ., concur.