■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ROBLEE, Appellant. [920 NYS2d 467]—

Garry, J. Appeal from a judgment of the County Court of Warren County (Hall, Jr., J.), rendered March 31, 2010, upon a verdict convicting defendant of the crime of assault in the second degree.

In June 2007, in the Town of Queensbury, Warren County, defendant kicked his fiancée in the head with steel-toed boots, causing bleeding, bruising, and pain. A jury convicted defendant of various charges arising from this incident, but the judgment of conviction was reversed upon appeal (*People v Roblee*, 70 AD3d 225 [2009]). Defendant was retried by a jury, convicted of assault in the second degree, and sentenced to a prison term of seven years with five years of postrelease supervision. He appeals.

Defendant contends that County Court erred in allowing the boots to be admitted into evidence, as the People failed to establish a chain of custody, and the boots are fungible evidence requiring such proof. We disagree. This Court has frequently held that items of clothing are nonfungible, as they are "specifically identifiable" (*People v Wynn*, 176 AD2d 375, 377 [1991]; *see People v Hill*, 220 AD2d 927, 928 [1995]; *People v Flores*, 101 AD2d 657, 658 [1984]). "When an object possesses unique characteristics or markings and is not subject to material alteration which is not readily apparent, a simple identification is sufficient to warrant admission" (*People v Julian*, 41 NY2d 340, 343 [1977] [internal quotation marks and citation omitted]; *see People v Basciano*, 109 AD2d 945, 946 [1985]). Both the victim and a police officer who took the boots from defendant specifically identified the boots in trial testimony. The victim testified that she was present when defendant bought the boots, he had owned them for several years, and she had seen them numerous times. She described their characteristics, including color, material, weight, and the words "steel toe" printed upon the tongue, and further testified that they were in the same condition as when she had last seen defendant wear them. The police officer similarly offered specific testimony describing the boots by type and color. He testified that he recognized them as the boots he had obtained from defendant and that they were in the same condition as they had been at that time. This testimony was sufficient to support the admission of the boots into evidence without "strict proof of the chain of custody" (*People v Hill*, 220 AD2d at 928).

A court officer's testimony describing a statement made by defendant during a bail hearing was properly allowed into evidence under the requisite balancing test (*see People v Mateo*, 2 NY3d 383, 424-425 [2004], *cert denied* 542 US 946 [2004]). The

prosecutor also read defendant's statement from a transcript which had not been admitted into evidence. The reading was clear error, as conceded by the People both at trial and upon appeal, but we find the error to be harmless in light of the overwhelming proof of defendant's guilt (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). The People's evidence included testimony from the victim describing the attack, from a friend of defendant describing his account of the act, and from a physician's assistant who treated the victim's wounds and found them consistent with the blunt force trauma caused by a "kick from a steel-toed boot," as well as five letters written by defendant to the victim. In light of this proof, and also considering the cumulative nature of the improper evidence, there is no significant probability that, if not for the error, defendant would have been acquitted (*see id.* at 243; *People v Phillips*, 55 AD3d 1145, 1147 [2008], *lv denied* 11 NY3d 899 [2008]; *People v Bell*, 5 AD3d 858, 862 [2004]).

Finally, County Court did not abuse its discretion in allowing expert testimony to explain the victim's delay in seeking aid or attention immediately following the attack, to the extent that it was otherwise unexplained. The court did not allow the expert to offer an opinion as to whether the conduct at issue constituted domestic violence, nor testify regarding any prior bad acts by defendant; instead, the expert described the general behavior patterns of domestic violence perpetrators and victims, which may have aided the jurors in understanding the victim's behavior (*see People v Smith*, 9 AD3d 745, 747 [2004], *lv denied* 3 NY3d 742 [2004]; *People v Carroll*, 300 AD2d 911, 914 [2002], *lv denied* 99 NY2d 626 [2003]).

Peters, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.