*1042 As the People correctly concede, a nontestifying codefendant’s statement to the police that the defendant was in the codefendant’s vehicle shortly before the subject incident occurred constituted testimonial hearsay and, thus, the admission of that statement into evidence violated the defendant’s right of confrontation, as secured to him under the Sixth Amendment to the United States Constitution (see Crawford v Washington, 541 US 36, 52 [2004]; see also Davis v Washington, 547 US 813, 822 [2006]; Richardson v Marsh, 481 US 200, 206 [1987]). Nevertheless, we are satisfied that the evidence of the defendant’s guilt, without reference to the error, was overwhelming, and there is no reasonable possibility that the error contributed to the defendant’s conviction, particularly in light of the testimony of two other witnesses, which also placed the defendant in the codefendant’s vehicle at the relevant time. Thus, the error was harmless beyond a reasonable doubt (see People v Douglas, 4 NY3d 777, 779 [2005]; People v Hardy, 4 NY3d 192, 198 [2005]; People v Crimmins, 36 NY2d 230, 240-241 [1975]).
The sentence imposed was excessive to the extent indicated herein (see People v Danza, 127 AD2d 781, 782 [1987]; see also People v Oddone, 89 AD3d 868 [2011]; People v Illescas, 47 AD3d 840 [2008]; People v McLeod, 38 AD3d 798 [2007]). Further, the periods of postrelease supervision imposed on the consecutive terms of imprisonment “shall merge with and be satisfied by discharge of the period of postrelease supervision having the longest unexpired time to run” (Penal Law § 70.45 [5] [c]).
The defendant’s contention, raised in his pro se supplemental brief, that he was denied due process when the People subpoenaed a particular witness to testify at trial is unpreservéd for appellate review (see CPL 470.05 [2]) and, in any event, without merit. The defendant’s remaining contentions, raised in his pro se supplemental brief, are without merit. Florio, J.P, Leventhal, Austin and Cohen, JJ., concur.