■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY CONROY, Appellant. [958 NYS2d 224]—

Appeals by the defendant from two judgments of the Supreme Court, Suffolk County (R. Doyle, J.), both rendered May 26, 2010, convicting him, upon a jury verdict, of (1) attempted assault in the second degree as a hate crime under indictment No. 236-09, and (2) manslaughter in the first degree as a hate crime, gang assault in the first degree, conspiracy in the fourth degree, and attempted assault in the second degree as a hate crime (two counts), under indictment No. 3032-08, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant was convicted of several crimes charged in

connection with three separate attacks upon Hispanic men occurring on two separate dates, November 3, 2008, and November 8, 2008. During the course of the third incident, the defendant stabbed Marcelo Lucero, causing his death. After a joint trial of the charges, the defendant was convicted of attempted assault in the second degree as a hate crime under indictment No. 236-09, in connection with the incident of November 3, 2008, and manslaughter in the first degree as a hate crime, gang assault in the first degree, conspiracy in the fourth degree, and attempted assault in the second degree as a hate crime (two counts), under indictment No. 3032-08, in connection with the incidents of November 8, 2008.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the crimes charged beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Hartman*, 64 AD3d 1002 [2009]; *People v Chowdhury*, 22 AD3d 596, 597 [2005]; *People v Stoby*, 4 AD3d 766 [2004]; *People v Kenward*, 266 AD2d 155 [1999]).

The indictments against the defendant were properly joined for trial, inter alia, on the ground that proof of each offense was material and admissible as evidence in chief of the other offenses (*see* CPL 200.20 [2]; *People v Latimer*, 24 AD3d 807 [2005]). Further, evidence of uncharged crimes committed by the defendant and his codefendants, and prior statements or acts of animosity or hostility, were properly admitted under the circumstances of this case, to complete the narrative of the events, provide background material, and as evidence of motive or state of mind with respect to the crimes charged (*see People v Till*, 87 NY2d 835, 837 [1995]; *People v Morris*, 89 AD3d 1112, 1113 [2011], *lv granted* 19 NY3d 964 [2012]; *People v Mena*, 71 AD3d 475, 476 [2010]; *People v Alas*, 44 AD3d 534 [2007]).

The trial court providently exercised its discretion in precluding the defendant from presenting, for impeachment purposes, extrinsic evidence of a prosecution witness's prior statements to law enforcement officials, which omitted references to epithets

against Hispanics (*see People v Duncan*, 46 NY2d 74, 80 [1978], *cert denied* 442 US 910 [1979]). The witness did not deny making those statements; rather, he explained the discrepancies by claiming that his statements to the police were made in the early hours of the morning, just after he was notified of the death of his friend. Therefore, the admission of extrinsic evidence of these prior statements would have been cumulative (*cf. People v Washington*, 51 NY2d 214, 221 [1980]; Jerome Prince, Richardson on Evidence § 6-411 at 406 [Farrell 11th ed 1995]).

The defendant contends that the trial court improperly denied his request to instruct the jury with respect to criminally negligent homicide as a lesser-included offense of manslaughter in the first degree as a hate crime. The trial court granted his alternate request to instruct the jury with respect to the lesser-included offense of manslaughter in the second degree, but the jury convicted the defendant of manslaughter in the first degree as a hate crime, as charged in the indictment. Therefore, review of the trial court's refusal to charge the remote lesser-included offense of criminally negligent homicide is foreclosed (*see People v Green*, 5 NY3d 538, 545 [2005]; *People v Boettcher*, 69 NY2d 174, 180 [1987]; *People v McGeachy*, 74 AD3d 989 [2010]; *People v McLeod*, 38 AD3d 798, 799 [2007]; *People v McMurry*, 30 AD3d 444 [2006]). Further, by convicting the defendant of manslaughter in the first degree as a hate crime, the jury found that the defendant intended to inflict serious physical injury on the victim Marcelo Lucero (*see* Penal Law § 125.20 [1]). Therefore, the trial court's refusal to instruct the jury with respect to gang assault in the second degree as a lesser-included offense of gang assault in the first degree (*see* Penal Law §§ 120.06, 120.07) also does not warrant reversal (*see People v Rodriguez*, 16 NY3d 341, 346 [2011]; *People v Ribowsky*, 77 NY2d 284, 292 [1991]; *People v Albino*, 65 NY2d 843 [1985]; *People v Degondea*, 269 AD2d 243, 245 [2000]).

During deliberations, the jury specifically requested to hear the "cross-examination of Detective John McLeer." After consulting with counsel for the parties, the trial court properly denied the defense counsel's request for a reading of additional testimony, since the court had no obligation "to direct the reading of testimony beyond that requested" (*People v Murray*, 258 AD2d 936, 937 [1999]; *see People v Almodovar*, 62 NY2d 126, 132 [1984]).

The defendant's remaining contentions are without merit. Mastro, J.P., Dickerson, Sgroi and Hinds-Radix, JJ., concur.