■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. THOMPSON, JR., Appellant. [989 NYS2d 881]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered April 25, 2012, convicting him of rape in the first degree, assault in the second degree (three counts), menacing in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with rape in the first and third degrees, and menacing in the second degree with respect to a woman. In the same indictment, the defendant was charged with three counts of assault in the second degree and one count of endangering the welfare of a child as to the woman's six-year-old son. The trial court denied the defendant's motion to sever the charges with respect to the child from those relating to the mother.

Contrary to the defendant's contention, the charges were properly joined on the ground that proof of each offense was material and admissible as evidence in chief of the other offenses (*see* CPL 200.20 [2] [b]; *see also People v Munger*, 24 NY2d 445, 448-449 [1969]; *People v Conroy*, 102 AD3d 979, 980 [2013]; *People v Griffin*, 132 AD2d 569, 569-570 [1987]).

In addition, the trial court did not improvidently exercise its discretion in admitting expert testimony regarding battered women's syndrome (*see People v Carroll*, 95 NY2d 375, 387 [2000]; *People v Roblee*, 83 AD3d 1126, 1128 [2011]; *People v Smith*, 9 AD3d 745, 747 [2004]; *see also People v Gillard*, 7 AD3d 540 [2004]). The court did not allow the expert to offer an opinion as to whether the conduct at issue constituted domestic

violence, or to testify regarding any prior bad acts by the defendant. Instead, the expert described the general behavior patterns of domestic violence perpetrators and victims in order to explain behaviors of a battered woman that might be beyond the ken of the average juror (*see People v Roblee*, 83 AD3d at 1128; *People v Carroll*, 95 NY2d at 387).

Likewise, the trial court did not improvidently exercise its discretion in admitting testimony from two of the complainant's coworkers as to bruising that they had observed on the complainant's face. This testimony was relevant to the charged offense of menacing in the second degree (*see* Penal Law § 120.14 [2]; *Matter of Luis A.*, 223 AD2d 505, 506 [1996]).

The defendant's objection to the trial court's taking of the sworn testimony of the child, who was seven years old at the time, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Batista*, 92 AD3d 793 [2012]; *People v Gillard*, 7 AD3d 540, 541 [2004]; *People v Rouff*, 163 AD2d 338, 339 [1990]). In any event, the child's sworn testimony was properly admitted after a sufficient inquiry by the court in which the child established that he understood the nature of an oath and the difference between the truth and a lie, and he promised to tell the truth to the court (*see* CPL 60.20 [2]; *People v Morales*, 80 NY2d 450, 452-453 [1992]; *People v Nisoff*, 36 NY2d 560, 566 [1975]; *People v Brown*, 89 AD3d 1473, 1474 [2011]).

The defendant also contends that the verdict of guilt as to rape in the first degree (Penal Law § 130.35 [1]) was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that charge was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the verdict was repugnant because the jury convicted him of rape in the first degree concerning events which occurred on November 6, 2010, but acquitted him of rape in the third degree based on the same events, is unpreserved for appellate review because he failed to make this argument before the jury was discharged (*see* CPL 470.05 [2]; *People v Satloff*, 56 NY2d 745, 746 [1982]; *People v Stahl*, 53 NY2d 1048, 1050 [1981]; *People v Hall*, 56 AD3d 798, 798 [2008]). In any event, the contention is without merit (*see People v Evans*, 79 AD3d 454, 455 [2010]; *see generally People v Tucker*, 55 NY2d 1, 8 [1981]).

The sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780, 783 [1992]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80, 85-86 [1982]).

The defendant failed to preserve for appellate review his contention that the sentence the Supreme Court imposed improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Romero*, 101 AD3d 906, 907 [2012]). In any event, this contention is without merit (*see People v Romero*, 101 AD3d at 907). Chambers, J.P., Austin, Hinds-Radix and Duffy, JJ., concur.