THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WALTERS, Appellant. [7 NYS3d 336]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cacace, J.), rendered April 5, 2012, convicting him of criminal contempt in the first degree (three counts), assault in the second degree, criminal possession of a weapon in the third degree, aggravated criminal contempt, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in permitting the People to elicit evidence of the defendant's prior bad act involving the complainant (*see People v Molineux*, 168 NY 264 [1901]). The evidence was properly admitted as relevant background material to enable the jury to understand the defendant's relationship with the complainant and to explain the issuance of an order of protection (*see People v Marji*, 43 AD3d 961 [2007]).

In addition, the Supreme Court providently exercised its discretion in admitting expert testimony regarding battered women's syndrome (*see People v Carroll*, 95 NY2d 375, 387 [2000]; *People v Thompson*, 119 AD3d 966 [2014]; *People v Roblee*, 83 AD3d 1126, 1128 [2011]; *People v Smith*, 9 AD3d 745, 747 [2004]; *People v Gillard*, 7 AD3d 540 [2004]). The court did not allow the expert to offer an opinion as to whether the conduct at issue constituted domestic violence or whether the complainant exhibited symptoms of battered women's syndrome. Instead, the expert described the general behavior patterns of domestic violence perpetrators and victims in order to explain behaviors of a battered woman that might be beyond the ken of the average juror (*see People v Thompson*, 119 AD3d at 966-967; *People v Johnson*, 22 AD3d 600 [2005]).

The defendant's contentions regarding improper comments by the prosecutor on summation and the People's failure to test certain physical evidence for DNA or fingerprints, are unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach them in the exercise of our interest of justice jurisdiction.

The defendant's remaining contentions, including the conten-

tion raised in his pro se supplemental brief, are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.