People v Whitson (2018 NY Slip Op 07464)





People v Whitson


2018 NY Slip Op 07464


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-12348
 (Ind. No. 1882/14)

[*1]The People of the State of New York, respondent,
v
John T. Whitson, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Elizabeth Miller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered November 19, 2015, convicting him of criminal sexual act in the first degree, sexual abuse in the first degree, aggravated criminal contempt, strangulation in the second degree (two counts), criminal contempt in the first degree, criminal obstruction of breathing or blood circulation, criminal mischief in the fourth degree, criminal contempt in the second degree, unlawful imprisonment in the second degree, and harassment in the second degree (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is preserved for appellate review only to the extent that he contends that the evidence failed to prove that the complainant sustained a physical injury (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of all the crimes of which he was convicted beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the trial court did not err in admitting evidence of certain uncharged bad acts committed by the defendant. The evidence was relevant to explain why the complainant, who was the defendant's girlfriend, did not immediately press charges against the defendant, provided necessary background information on the nature of their relationship, and placed the events in question in an understandable context (see People v Gamble, 18 NY3d 386, 398; People v Rabanal, 139 AD3d 758, 758; People v Jean, 127 AD3d 882; People v Khan, 88 AD3d 1014). The court properly balanced the probative value of the evidence against the potential prejudice (see People v Gamble, 18 NY3d at 398; People v Khan, 88 AD3d at 1015).
The trial court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) constituted a provident exercise of discretion, and did not deprive the defendant of the right to testify on his own behalf (see People v Smith, 18 NY3d 588, 594; People v Hayes, 97 NY2d 203, 207-208; People v Brown, 150 AD3d 871).
In addition, the trial court providently exercised its discretion in admitting expert testimony on the subject of domestic violence (see People v Carroll, 95 NY2d 375, 387; People v Walters, 127 AD3d 889, 889; People v Thompson, 119 AD3d 966; People v Johnson, 22 AD3d 600, 601). The court did not allow the expert to testify regarding the particular facts of the case or offer an opinion as to whether the conduct at issue constituted domestic violence. Instead, the expert described the general behavior patterns of domestic violence perpetrators and victims in order to explain behaviors of a battered woman that might be beyond the ken of the average juror (see People v Walters, 127 AD3d at 889; People v Thompson, 119 AD3d at 966-967; People v Johnson, 22 AD3d at 601).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court