People v Thezan (2019 NY Slip Op 03631)





People v Thezan


2019 NY Slip Op 03631


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-01566
 (Ind. No. 14-00429)

[*1]The People of the State of New York, respondent,
v
Edwin Thezan, appellant.


John R. Lewis, Sleepy Hollow, NY, for appellant.
Kevin P. Gilleece, Acting District Attorney, New City, NY (Tina L. Guccione of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Rockland County (William A. Kelly, J.), rendered January 27, 2017, convicting him of criminal contempt in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On September 4, 2014, an order of protection was issued against the defendant and in favor of a female (hereinafter the protected party), directing the defendant to stay away from the protected party and to refrain from all contact with her until March 6, 2015.
According to the trial testimony of a police sergeant, on December 12, 2014, at approximately 3:30 a.m., the police responded to a call to the 911 emergency number regarding a disturbance at an apartment building in Spring Valley. The police sergeant testified that, upon entering the building through a lower level entrance, he heard someone "screaming," and heard "a female voice saying get away from me, get off me,'" and another voice yelling. The police sergeant found a male and a female arguing inside the building's laundry room, with the male leaning over the female "with his arms up around her," and his "right arm was . . . clearly around her neck and head area." After the two were safely separated, another police officer interviewed the female. At the conclusion of the trial, the jury returned a verdict convicting the defendant of criminal contempt in the first degree based on his violation of the order of protection.
Contrary to the defendant's contention, the female's identity as the protected party in whose favor the order of protection was issued was established by the testimony adduced at trial. In particular, the police sergeant testified that he overheard the female say her name to the officer who interviewed her and that the defendant stated the female's name at the scene. The People also presented the testimony of a court clerk, who testified regarding the order of protection and stated the name of the protected party during his testimony. The name of the female stated by the police sergeant matched the name of the protected party stated by the court clerk. Viewing this testimony, which was partially elicited during cross-examination and in any event not objected to, in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to identify the female as the protected party and, thus, legally sufficient to support the [*2]defendant's conviction of criminal contempt in the first degree (see Penal Law § 215.51[b][v]).
The record, in its entirety, shows that the defendant was afforded the effective assistance of counsel. The record shows that trial counsel capably represented the defendant, and the record does not show that there was a lack of legitimate, strategic explanations for the actions of trial counsel (see People v Caban, 5 NY3d 143, 152; People v Benevento, 91 NY2d 708, 712).
We agree with the Supreme Court's determination to admit into evidence testimony regarding a prior alleged incident involving the defendant and the female/protected party, which was relevant to explaining the relationship between those parties and to proving the defendant's motive and intent (see People v Walters, 127 AD3d 889; People v Sanchez, 73 AD3d 1093, 1094; People v Marji, 43 AD3d 961).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court