People v Shoshi (2019 NY Slip Op 08226)





People v Shoshi


2019 NY Slip Op 08226


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-05031
 (Ind. No. 1260/17)

[*1]The People of the State of New York, respondent,
v
Valon Shoshi, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Marcia R. Kucera, Thomas C. Costello, and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, J.), rendered March 22, 2018, convicting him of aggravated criminal contempt and criminal contempt in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of aggravated criminal contempt and criminal contempt in the first degree, upon a jury verdict, and was sentenced, as a second felony offender, to an indeterminate term of imprisonment of 3 to 6 years.
The defendant's contention that the jury verdicts were repugnant is not preserved for appellate review (see People v Stahl, 53 NY2d 1048, 1050). In any event, the defendant's contention is without merit. "When there is a claim that repugnant jury verdicts have been rendered in response to a multiple-count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury" (People v Tucker, 55 NY2d 1, 4; see People v Muhammad, 17 NY3d 532, 538-539). "[A] verdict is repugnant only if it is legally impossible—under all conceivable circumstances—for the jury to have convicted the defendant on one count but not the other" (People v Muhammad, 17 NY3d at 539-540; see People v DeLee, 24 NY3d 603, 608). Here, acquittal on the charges of aggravated sexual abuse in the second degree (Penal Law § 130.67[1][a]) and forcible touching (Penal Law § 130.52 [1]) was not repugnant to the convictions on the counts of aggravated criminal contempt (Penal Law § 215.52[1]) and criminal contempt in the first degree (Penal Law § 215.51[b][v]), as aggravated sexual abuse in the second degree and forcible touching contain essential elements that aggravated criminal contempt and criminal contempt in the first degree do not (see People v Muhammad, 17 NY3d at 541; People v Tucker, 55 NY2d at 9; People v France, 172 AD3d 900, 901). Moreover, contrary to the defendant's contention, the criminal contempt charges of which he was convicted were not necessarily based on the acts that were the basis for the charges of which he was acquitted.
Contrary to the defendant's contention, the County Court providently exercised its [*2]discretion in allowing testimony relating to certain prior acts of domestic abuse by the defendant. This evidence was relevant, inter alia, to provide necessary background information on the nature of the relationship between the complainant and the defendant and to explain the issuance of an order of protection (see People v Dorm, 12 NY3d 16, 19; People v Whitson, 166 AD3d 663, 664; People v Nanand, 137 AD3d 945, 947; People v Laverpool, 52 AD3d 622, 622). The court properly balanced the probative value of the evidence against the potential prejudice (see People v Cass, 18 NY3d 553, 560; People v Whitson, 166 AD3d at 664).
The defendant's contention that his conviction was based on legally insufficient evidence is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492), and, in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Bleakley, 69 NY2d 490, 495). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
Contrary to the defendant's contention, the County Court providently exercised its discretion in permitting an expert in the field of domestic violence to testify on the subject of domestic violence generally. The expert's testimony was relevant to explain the behavior patterns of victims of domestic violence that might appear unusual or that jurors might not be expected to understand, and she did not testify as to the particular facts of the case or offer an opinion as to whether the conduct at issue constituted domestic violence (see People v Whitson, 166 AD3d at 664; People v Walters, 127 AD3d 889, 889; People v Thompson, 119 AD3d 966, 966-967).
Contrary to the defendant's further contention, defense counsel was not ineffective for eliciting testimony that opened the door to certain evidence which had been previously precluded, as the record fails to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged error (see People v Baker, 14 NY3d 266, 270-271; People v Rivera, 71 NY2d 705, 709; People v Delp, 156 AD3d 1450, 1451; People v Roberson, 133 AD3d 793, 793; People v Trovato, 68 AD3d 1023, 1024). The defendant's additional contention that counsel was ineffective for his failure to move to set aside the verdict as repugnant is without merit, as "[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287; see People v Baez, 175 AD3d 553, 555; People v Garris, 99 AD3d 1018, 1019).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., COHEN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court