People v Anglin (2019 NY Slip Op 08855)





People v Anglin


2019 NY Slip Op 08855


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
BETSY BARROS, JJ.


2015-05042
 (Ind. No. 4599/12)

[*1]The People of the State of New York, respondent,
v
Yohannes Anglin, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Jordan Cerruti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered June 9, 2015, convicting him of kidnapping in the first degree (two counts), reckless endangerment in the first degree (two counts), and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and his statements to law enforcement officials and the denial of the defendant's motion to controvert a search warrant and to suppress physical evidence seized in the execution thereof.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination, after a hearing, denying that branch of the defendant's omnibus motion which was to suppress physical evidence and his statements to law enforcement officials, and denying the defendant's motion to controvert a search warrant and to suppress physical evidence seized in the execution thereof. Evidence at the hearing established, inter alia, that police officers were responding to a report of an assault in progress; the person who called the 911 emergency number, who was present at the location, stated that he heard a woman being beaten inside the apartment, heard her scream, and heard a male saying, "shut up"; and no one responded to the officers' repeated knocks on the apartment door. Contrary to the defendant's contention, the record supports the court's determination that the police were presented with an emergency situation that justified a warrantless entry into the defendant's apartment (see People v Dallas, 8 NY3d 890, 891; People v Mitchell, 39 NY2d 173, 177-178; People v Sandford, 173 AD3d 777, 777; People v Maragh, 159 AD3d 722, 723; People v Timmons, 54 AD3d 883, 884; People v Manning, 301 AD2d 661, 663) and the court's determination that the subsequently obtained search warrant was not obtained as the result of an illegal entry into the defendant's apartment.
Expert testimony " may be admitted to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand'" (People v Williams, 20 NY3d 579, 584, quoting People v Carroll, 95 NY2d 375, 387; see People v Carter, 151 AD3d 877, 877). Here, the Supreme Court providently exercised its discretion in permitting a witness, who was deemed an expert in the area of forensic psychology with a specialization in interpersonal violence and [*2]traumatic stress, to testify on the subject of domestic violence generally, as her testimony was relevant to explain the behavior patterns of victims of domestic violence that might appear unusual or that jurors might not be expected to understand, and the witness did not testify as to the particular facts of the case or offer an opinion as to whether the conduct at issue constituted domestic violence (see People v Whitson, 166 AD3d 663, 664; People v Walters, 127 AD3d 889, 889; People v Thompson, 119 AD3d 966, 966-967).
The Supreme Court providently exercised its discretion in admitting a nude photograph of the child complainant into evidence, as the photograph was neither excessively gruesome nor introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant (see People v Wood, 79 NY2d 958, 960; People v Pobliner, 32 NY2d 356, 369-370; People v Barnett, 163 AD3d 700, 702). Rather, the photograph was relevant to help illustrate the child's physical condition and to elucidate the testimony of the People's witnesses (see People v Barnett, 163 AD3d at 702; People v Jones, 142 AD3d 678, 678-679; People v Fernandez, 115 AD3d 977, 978).
Although some of the prosecutor's remarks in the opening statement and in summation were improper, contrary to the defendant's contention, raised in his pro se supplemental brief, any instances of prosecutorial misconduct during opening and summation were cured by the Supreme Court's prompt curative instructions (see People v Galloway, 54 NY2d 396, 398) or were not, either individually or collectively, so egregious so as to deprive the defendant of a fair trial (see People v Lopez, 150 AD3d 1266, 1267; People v Alphonso, 144 AD3d 1168, 1168-1169).
The prosecutor's use of a chart in summation, depicting, inter alia, a partial compilation of certain phone records in evidence did not deprive the defendant of a fair trial (see People v Williams, 29 NY3d 84, 89-90; People v Anderson, 29 NY3d 69, 72-73). The prosecutor's comments with regard to the phone records and the information contained in the chart, with limited exception, were fair comment on the evidence. Moreover, although the Supreme Court informed the jury that the prosecutor had made a representation that the chart was a compilation of exhibits in evidence, it made clear that the chart was a demonstrative aid and was not in evidence. Further, minor discrepancies between the chart and the exhibits did not deprive the defendant of a fair trial (see People v Anderson, 29 NY3d at 74; People v Johnson, 159 AD3d 833, 835; People v Choi, 137 AD3d 808, 810; People v Haigler, 44 AD3d 329).
"At any time during its deliberation, the jury may request the court for further instruction or information with respect to the law, with respect to the content or substance of any trial evidence, or with respect to any other matter pertinent to the jury's consideration of the case. Upon such a request, the court . . . must give such requested information or instruction as the court deems proper" (CPL 310.30). Pursuant to CPL 310.30, "the jury can request a reading of not only evidentiary material, but also any material which is pertinent to its deliberation, including the summations, and the trial court must give such requested information or instruction as [it] deems proper" (People v Velasco, 77 NY2d 469, 474 [internal quotation marks omitted]). Here, the Supreme Court providently exercised its discretion in permitting the chart used by the prosecutor during summation as a demonstrative aid to be displayed to the jury in the courtroom in response to a note from the jury requesting the chart (see id. at 474). The court instructed the jury that the demonstrative aid was not evidence, that it was not a substitute for evidence, and did not provide copies or permit the jury to view the demonstrative aid in the jury room (see People v Anderson, 29 NY3d at 73).
The defendant's contention, raised in his main brief and his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's contention, raised in his pro se supplemental brief, that the People committed a Brady violation (see Brady v Maryland, 373 US 83) is based on matter dehors the record and is not reviewable on direct appeal (see People v Krivoi, 81 AD3d 978, 979).
Contrary to the defendant's contention, raised in his pro se supplemental brief, the Supreme Court providently exercised its discretion in permitting amendment of, inter alia, those counts of the indictment charging reckless endangerment in the first degree (see Penal Law § 120.25) and kidnapping in the first degree (see Penal Law § 135.25[2][a]) by expanding the relevant time periods. The amendment did not change the theory or theories of the prosecution and did not tend to prejudice the defendant on the merits (see CPL 200.70[1]; People v Sinha, 84 AD3d 35, 44-45, affd 19 NY3d 932; People v Kent, 79 AD3d 52, 71, mod 19 NY3d 290; People v Straniero, 17 AD3d 161, 161).
Also contrary to the defendant's contention, raised in his pro se supplemental brief, the People established the authenticity of certain evidence seized from the defendant's apartment by providing testimony that the offered evidence was genuine and had not been tampered with (see People v Price, 29 NY3d 472, 476; People v Julian, 41 NY2d 340, 342-343). Any deficiencies in the chain of custody went only to the weight to be given to the evidence, and not to its admissibility (see People v Hawkins, 11 NY3d 484, 494; People v Julian, 41 NY2d at 344; People v Ventura, 172 AD3d 1252, 1252). Similarly, any possible contamination resulting from the police officer's alleged mishandling of the evidence went to the weight rather than to the admissibility of the evidence (see People v Ortiz, 80 AD3d 628, 630).
Inasmuch as the defendant made an application to discharge a prospective juror, he cannot now be heard to complain, as he does in his pro se supplemental brief, that the Supreme Court should not have granted that application and discharged that prospective juror (see People v Ogletree, 172 AD3d 754, 754; People v Thomas, 129 AD3d 1110, 1110; People v Kessler, 122 AD3d 1402, 1404-1405).
Similarly, since defense counsel consented to the Supreme Court's proposed charge of kidnapping in the first degree (see Penal Law § 135.25[2][a]), the defendant cannot be heard to complain, as he does in his pro se supplemental brief, that the court's charge was improper.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., BALKIN, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court