People v Farmer (2022 NY Slip Op 01313)





People v Farmer


2022 NY Slip Op 01313


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2015-11963
 (Ind. No. 95/14)

[*1]The People of the State of New York, respondent,
v
Rashad Farmer, appellant.


Carol Kahn, New York, NY, for appellant, and appellant pro se.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Stephen L. Greller, J.), rendered September 17, 2015, convicting him of aggravated family offense (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention, raised in his pro se supplemental brief, that the felony complaint was facially insufficient is unpreserved for appellate review since he never challenged the sufficiency of the felony complaint at his arraignment or in a subsequent motion. In any event, the contention has been rendered academic, since the felony complaint was superseded by an indictment (see People v Clark, 194 AD3d 948; People v Barnette, 150 AD3d 1136).
The defendant correctly contends that the County Court erred in concluding that he lacked standing to raise a Fourth Amendment challenge to the search of his historical cell site location (hereinafter CSLI) records, initially obtained by an attorney subpoena (see Carpenter v United States, ___ US ___, 138 S Ct 2206; Schriro v Summerlin, 542 US 348, 351-352). The records were subsequently obtained by search warrant. In any event, any error in the admission of the defendant's CSLI records was harmless, because the evidence of the defendant's guilt was overwhelming, and there was no reasonable possibility that the error might have contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230; People v Taylor, 172 AD3d 1110, 1111).
The County Court providently exercised its discretion in admitting expert testimony on the subject of domestic violence (see People v Carroll, 95 NY2d 375; People v Whitson, 166 AD3d 663; People v Walters, 127 AD3d 889). The court did not allow the expert to testify regarding the particular facts of this case or to offer an opinion as to whether the conduct at issue constituted domestic violence. Instead, the expert described the general behavior patterns of domestic violence perpetrators and victims in order to explain the behaviors of a battered woman that might be beyond the ken of the average juror (see People v Carroll, 95 NY2d 375; People v Walters, 127 AD3d 889; [*2]People v Thompson, 119 AD3d 966).
The defendant's contention, raised in his pro se supplemental brief, that his waiver of the right to counsel was not knowing, voluntary, and intelligent is without merit. Here, the County Court engaged in a "searching inquiry" to clarify that the defendant understood the ramifications of proceeding pro se before accepting the defendant's waiver (People v Stone, 22 NY3d 520, 525; see People v Providence, 2 NY3d 579). The defendant's related contention that the court violated his right to due process by failing to aid him, an unrepresented party, is without merit. In its "searching inquiry," the court repeatedly reminded the defendant that by waiving his right to counsel, he would be treated as an attorney, and that the court would not aid him. In any event, the court did not err in refusing to guide the defendant or appoint an investigator to guide him as to how to properly serve a subpoena on a governmental entity. The defendant's additional, related contention that the court failed to aid him by denying his application for an investigator to review newly turned over Rosario material is unpreserved for appellate review because the defendant did not make such an application (see CPL 470.05[2]; People v Rosario, 9 NY2d 286). In any event, the prosecutor established that the relevant CDs containing color photos and a recording of a 911 call were timely provided to the defendant. Thus, the defendant failed to establish that there was bad faith on the part of the prosecutor or that he was prejudiced by any late disclosure (see People v Banch, 80 NY2d 610; People v Smith, 181 AD3d 826; People v Thomas, 255 AD2d 467).
The County Court did not improvidently exercise its discretion when it precluded the defendant from recalling a prosecution witness after the People rested their case (see People v Cruz, 175 AD3d 1060; People v Comerford, 70 AD3d 1305; People v Wegman, 2 AD3d 1333). The defendant was afforded a full and fair opportunity to cross-examine the witness (see People v Adeyemi, 32 AD3d 755; People v Wegman, 2 AD3d 1333; People v Stevenson, 281 AD2d 323).
The defendant's contention that the County Court erred in failing to instruct the jury that it had to render a separate verdict on each count charged (see CPL 300.10[4]) is unpreserved for appellate review because the defendant did not request such a charge (see CPL 470.05[2]). In any event, the court repeatedly instructed the jury to consider each count of aggravated family offense separately and report a separate verdict on each count (see CPL 300.10[4]; People v Goodfriend, 64 NY2d 695; People v Hard, 139 AD2d 592).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court