People v Percinthe
2026 NY Slip Op 03829
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Smith Percinthe, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2019-10324, (Ind. No. 6834/17)
Lara J. Genovesi, J.P.
Deborah A. Dowling
Lillian Wan
Susan Quirk, JJ.

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, Jean M. Joyce, Shlomit Heering, and Katherine A. Walecka of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura Johnson, J.), rendered August 26, 2019, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Foy, 238 AD3d 784, 785; People v Corines, 204 AD3d 827, 828). The defendant's valid waiver of the right to appeal precludes appellate review of his contention that the Supreme Court erred in denying his motion to suppress identification testimony (see People v Kemp, 94 NY2d 831, 833; People v Oneal, 202 AD3d 710, 710). It also "precludes appellate review of his contention that his adjudication as a second felony offender was unconstitutional in light of Erlinger v United States (602 US 821) and Apprendi v New Jersey (530 US 466), 'since such a challenge implicates the Supreme Court's compliance with procedures to determine the defendant's predicate felony status, rather than the legality of the sentence itself'" (People v Mejia, 246 AD3d 828, 829, quoting People v Simpson, 244 AD3d 762, 762).
"The defendant's contention that his sentence was illegal due to the People's failure to establish the requisite tolling period to bring the defendant's prior felony conviction within the applicable 10-year look back period is not preserved for appellate review because he failed to contest or controvert his status as a second felony offender before or at his sentencing" (id.). "Furthermore, this contention is not reviewable under the narrow illegal sentence exception to the preservation requirement because it was not readily discernible from the trial record that the sentence[ ] the court imposed [was] not within the permissible range" (id. [internal quotation marks omitted]). We decline to reach this contention in the exercise of our interest of justice jurisdiction.
"To the extent that the defendant contends that New York's predicate felony offender statutes are facially unconstitutional, that contention is not precluded by the appeal waiver" (id. at 830). Nonetheless, this contention is also unpreserved for appellate review (see CPL 470.05[2]; People v Mejia, 246 AD3d 828; People v Hernandez, 43 NY3d 591, 597), and we decline to reach [*2]it in the exercise of our interest of justice jurisdiction.
The defendant also raises several contentions in a pro se supplemental brief. The defendant's contention that he is actually innocent of the charges is not properly raised on direct appeal, as the appropriate forum for a claim of actual innocence is a CPL 440.10 proceeding (see People v White, 237 AD3d 861, 862). "Such claims pertain to factual innocence, not mere legal insufficiency of evidence of guilt, and must be based upon reliable evidence which was not presented at the trial" (id. [internal quotation marks omitted]). The defendant's contentions concerning the sufficiency of the felony complaint are unpreserved for appellate review and, in any event, have been rendered academic since the felony complaint was superseded by an indictment (see People v Farmer, 203 AD3d 743, 743). The defendant's contention that he was denied his constitutional right to a prompt prosecution is unpreserved for appellate review (see CPL 470.05[2]). Finally, the defendant's contention that he was denied his statutory right to a speedy trial is precluded by his valid waiver of the right to appeal (see People v Walker, 245 AD3d 740, 741).
GENOVESI, J.P., DOWLING, WAN and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court